Chris BADGER, Petitioner–Appellant,

v.

John SUTHERS, Colorado Department of Corrections, Respondent–Appellee.

No. 99SA64.

Supreme Court of Colorado,
En Banc.

Aug. 30, 1999.

Chris Badger, Pro Se Canon City, Colorado.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Paul S. Sanzo, First Assistant Attorney General, Litigation Section, Denver, Colorado, Attorneys for Respondent–Appellee.

Justice BENDER delivered the Opinion of the Court.

On August 19, 1998, the petitioner, Chris Badger, filed a pro se petition for writ of habeas corpus in the Fremont County District Court, claiming that he was entitled to be paroled on July 31, 1998 and that the Department of Corrections (DOC) was illegally refusing to release him. *See* § 13–45–101, 5 C.R.S. (1998). The district court denied the petition without holding a hearing, concluding that, "[at] most, Petitioner is eligible for discretionary parole. He is not entitled to release or discharge." Badger then filed this appeal from the denial of his petition. *See* § 13–4–102(1)(e), 5 C.R.S. (1998). We agree with the district court that Badger is not entitled to mandatory parole at this time, and therefore we affirm the district court's ruling.

I.

On November 25, 1986, Badger was convicted of the crime of second-degree murder, a class two felony, *see* § 18–3–103(3)(a), 6 C.R.S. (1998), and the crime of escape, a class three felony, *see* § 18–8–208(2), 6 C.R.S. (1998). On December 17, 1986, the district court sentenced Badger on the escape conviction to nine years in the custody of the DOC, plus a period of parole. The following day, the district court sentenced Badger on the murder conviction to twenty-three years, to be served consecutively to his escape sentence. Accordingly, the DOC calculated a continuous sentence for Badger of thirty-two years. *See* § 17–22.5–101, 6 C.R.S. (1998) ("[W]hen any inmate has been committed under several convictions with separate sentences, the department shall

construe all sentences as one continuous sentence.").

Because Badger committed the escape after July 1, 1985, his escape sentence is governed by the *discretionary* parole provisions of section 17–22.5–303(6), 6 C.R.S. (1998). Because Badger committed the murder between July 1, 1981 and July 1, 1984, his murder sentence is governed by the *mandatory* parole provisions of section 17–22.5–303(2), 6 C.R.S. (1998) and section 16–11–310, 8A C.R.S. (1986) (repealed 1988).[1]

## II.

Badger argues that his continuous sentence of thirty-two years must be governed by the parole provisions applicable to his murder sentence, since it is the longer of the two sentences that make up his continuous sentence. Because Badger is entitled to mandatory parole under his murder sentence, he reasons that he is therefore entitled to mandatory parole for his one continuous sentence. Specifically, Badger calculates that he is entitled to mandatory parole after he has served 50% of his continuous sentence, or after he has served sixteen years. Taking into account the time credits that Badger is allowed, he finished serving sixteen years on July 21, 1998. Therefore, Badger argues, his continued confinement at the DOC is illegal, and he is entitled to habeas corpus relief.

The DOC argues that Badger is not entitled to mandatory parole until he has served 100% of that portion of his sentence that is subject to discretionary parole (the escape portion of his sentence) plus 50% of that portion of his sentence that is subject to mandatory parole (the murder portion of his sentence). Thus, according to the calculation of the DOC, Badger is not entitled to manda-

tory parole until he has served nine years plus eleven and a half years, for a total of twenty and a half years. Because Badger has not yet served that amount of time, the DOC argues that he is not entitled to a writ of habeas corpus.

## III.

In our view, Badger's position contradicts our holding in *Spoto v. Colorado State Dep't of Corrections,* 883 P.2d 11 (Colo. 1994). In *Spoto,* we referred to Badger's argument as the "governing sentence" theory, according to which the longest sentence among several should be used to calculate an inmate's parole date. *See Spoto,* 883 P.2d at 14. We reiterated that "[t]he governing sentence analysis ... applies solely to multiple sentences that are *concurrent.*"[2] (Emphasis in original.) In *Spoto,* as here, the inmate received two *consecutive* sentences, one of which was subject to mandatory parole and one of which was subject to discretionary parole. *See Spoto,* 883 P.2d at 12–13. Rejecting Spoto's "governing sentence" argument, we noted that "[w]here consecutive sentences have been imposed, unlike in the case of concurrent sentences, there is no need for one particular sentence to dominate." *Id.* at 14. Thus, we concluded that "where consecutive sentences have been imposed and where the mandatory and discretionary parole statutes both apply," both of the consecutive sentences must be taken into account in calculating the mandatory parole date. *Id.* at 15–16.

Applying this controlling authority to Badger's case, we hold that the district court properly dismissed Badger's habeas corpus petition.[3] The DOC's position is that Badger is not entitled to mandatory parole until he

---

1. It is important to distinguish between "mandatory parole" as used in the sense that an offender must be released or placed on parole upon expiration of a sentence less good time and earned time deductions, *see* § 16–11–310 (repealed 1988); *Thiret v. Kautzky,* 792 P.2d 801, 804 & n. 6, 805 (Colo.1990); and "mandatory period of parole" meaning a period of parole that an offender must serve following his or her discharge from imprisonment, *see* § 18–1–105(1)(a)(V), 6 C.R.S. (1998). This case deals with mandatory parole in the former sense only.

2. *See, e.g., Vaughn v. Gunter,* 820 P.2d 659, 661–62 (Colo.1991).

3. Badger attempts to distinguish *Spoto* by pointing out that his mandatory parole sentence was imposed after his discretionary parole sentence, while Spoto's mandatory parole sentence was imposed before his discretionary parole sentence. This is a distinction without a difference, however.

has served all of his escape sentence (nine years) plus half of his murder sentence (eleven and a half years), for a total of twenty and a half years. According to the DOC's calculation, Badger is therefore not entitled to mandatory release until February 18, 2003, although he could be released on discretionary parole before that date. At the present time, Badger is only eligible for discretionary parole, but he is not yet entitled to immediate release in the form of mandatory parole. Therefore, he is not being unlawfully detained. *See Spoto,* 883 P.2d at 15. Because it appears on the face of Badger's petition that he is not entitled to habeas corpus relief, the district court properly denied the petition without holding a hearing. *See Brant v. Fielder,* 883 P.2d 17, 21 (Colo. 1994).

## IV.

The judgment of the district court denying Badger's petition for a writ of habeas corpus is affirmed.