**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES RUSSELL GRAY,

      Petitioner-Appellant,

v.

ZAVARAS; SUTHERS; and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 00-1076
(D.C. No. 99-Z-2225)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

In 1999, Petitioner-Appellant Charles Russell Gray filed a petition for a

writ of habeas corpus in the United States District Court for the District of

Colorado pursuant to 28 U.S.C. § 2254. Mr. Gray, who is serving a series of four

consecutive sentences, alleged that he was entitled to mandatory parole in light of

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

the Colorado Supreme Court's decision in Spoto v. Colorado State Dep't of Corr., 883 P.2d 11 (Colo. 1994).  Mr. Gray also alleged that he was entitled to mandatory parole under the Colorado Department of Corrections' governing sentence rule.  The district court denied his petition, concluding that Spoto offered no support for Mr. Gray's argument that his most recent conviction for escape was subject to the mandatory parole provisions, and that the governing sentence rule does not apply when a petitioner is serving consecutive sentences, see Badger v. Suthers, 985 P.2d 1042, 1043 (Colo. 1999).  The district court further denied Mr. Gray a Certificate of Appealability ("COA") to pursue these claims on appeal.

Mr. Gray now asks this court to issue a COA and reverse the judgment of the district court.  We conclude, however, that the district court correctly dismissed Appellant's claims and that Appellant has not made a substantial showing that his constitutional rights have been violated.  Accordingly, we deny Appellant's request for a COA and dismiss the appeal.  See 28 U.S.C. § 2253(c).  Appellant's motion for leave to proceed on appeal without prepayment of costs or fees is granted.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 2 -