The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Phillip Leon HALL, Defendant–Appellant.

Nos. 02CA1128, 02CA1747.

Colorado Court of Appeals, Div. V.

Nov. 6, 2003.

Certiorari Denied March 22, 2004.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Phillip Leon Hall, Pro Se.

Opinion by Judge CASEBOLT.

In this consolidated appeal, defendant, Phillip Leon Hall, appeals the orders denying his Crim. P. 35(a) and (c) motions for postconviction relief. We affirm and remand the case for correction of the mittimuses.

In 1996, defendant was charged in case number 96CR2195 (sex assault case) for sexually assaulting his then eight-year-old daughter. Defendant was released on bond for these charges on January 29, 1997. While on bond, defendant was charged in case number 97CR965 (robbery case) with aggravated robbery, crime of violence, and two counts of theft for an offense occurring on February 5, 1997.

Pursuant to a plea agreement, defendant pleaded guilty in the sex assault case to one count of sexual assault on a child, a class four felony, and in the robbery case to one count of conspiracy to commit robbery, a class five felony. He also pleaded guilty in another case to an unrelated misdemeanor count. In exchange for his pleas, all other counts in these cases and in two other pending cases were dismissed.

The plea agreement provided that sentencing would be open to the court. In the sex assault case, the trial court sentenced defendant to eight years in the custody of the Department of Corrections (DOC), plus any term of parole authorized by § 17–22.5–303, C.R.S.2003. In the robbery case, the court sentenced him to six years in the custody of the DOC, to be served consecutively to the eight-year sentence and the misdemeanor sentence, plus any term of parole authorized by § 17–22.5–303.

In December 2001, defendant filed the same pro se Crim. P. 35(a) and (c) motion in both cases. Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant contended that both of his sentences had been illegally aggravated. He also argued that he was not advised properly regarding the mandatory parole term required by § 18–1.3–401(1)(a)(V)(A), C.R.S.2003, when he entered his guilty pleas. He asked that his sentences be reduced to nine years with five years of mandatory parole to be served thereafter. The trial court denied the motion by separate written orders in each case and this appeal followed.

I.

Defendant contends that his sentence in the sexual assault case is illegal. We disagree.

A class four felony, to which defendant pleaded guilty, carries a two- to six-year presumptive range sentence. Section 18–1.3–401(1)(a)(V)(A). Section 18–1.3–401(10)(a), (b)(IV), C.R.S.2003, provides that sexual assault on a child is an extraordinary risk of harm crime, and that statute adds two years to the maximum in the presumptive range. Thus, the presumptive range of sentences upon conviction for sexual assault on a child is two to eight years in the custody of the DOC. Accordingly, defendant's eight-year sentence was within the presumptive range. His sentence, therefore, is not illegal or unconstitutional. *See Martinez v. People,* 69 P.3d 1029, 1031 (Colo.2003)(it is the prerogative of the legislature to define crimes and prescribe punishments).

■ We agree with defendant that, because this crime was committed before July 1, 1996, he is not required to serve mandatory parole on this sentence, but instead is subject to discretionary parole as provided in § 17–2–201(5)(a), C.R.S.2003. *See Martin v. People,* 27 P.3d 846, 848 (Colo.2001)(person convicted of a sexual offense committed before July 1, 1996, is subject to a period of discretionary parole no longer than the remainder of the maximum sentence of incarceration imposed by the court or five years, whichever period is shorter).

## II.

■ Defendant contends § 18–1.3–401(10) is unconstitutional under *Apprendi v. New Jersey, supra.* We disagree.

Defendant's convictions were final in September 1997. In *People v. Bradbury,* 68 P.3d 494 (Colo.App.2002), a division of this court concluded that *Apprendi* does not apply retroactively to convictions, such as defendant's, that were final when that decision was announced.

We agree with the reasoning of the *Bradbury* division and conclude that it is dispositive here. Further, to the extent defendant relies on *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in support of his argument, *Bradbury* is dispositive of these claims as well.

## III.

Defendant contends that his aggravated range sentence in the robbery case also is illegal. We disagree, although we base our conclusion on grounds different from those relied on by the trial court. *See People v. Quintana,* 882 P.2d 1366, 1371 (Colo.1994)(judgment of the trial court may be defended on appeal on any ground supported by the record, regardless of whether the court relied on that ground).

### A.

To the extent defendant argues that his sentence is illegal under *Apprendi v. New Jersey, supra,* we reject the contention for the same reasons outlined above. Moreover, while defendant is correct in noting that several Colorado death sentences have been vacated based on the decision in *Ring,* that fact alone does not amount to a judicial determination that either *Apprendi* or *Ring* should be applied retroactively. *See Woldt v. People,* 64 P.3d 256, 266 (Colo.2003)(holding that, because *Ring* mandates that fact finding for death penalty eligibility belongs solely to the jury, Colorado's three-judge death sentencing provision was facially unconstitutional); *see also Ring v. Arizona, supra* (O'Connor, J., dissenting).

### B.

Defendant also argues he was not exposed to an aggravated range sentence in the original charging document. To the extent defendant asserts that *Apprendi, Ring,* and *Harris* apply, we reject the claim for the same reasons noted above. *See People v. Bradbury, supra.*

Moreover, a defendant is always exposed to an aggravated range sentence by the charging document. *See People v. Allen,* 43 P.3d 689, 692 (Colo.App.2001)(under Colorado's sentencing statutes, upon conviction by a jury, a defendant is exposed to a discretionary aggravated range sentence); *People v. Salinas,* 55 P.3d 268, 271 (Colo.App.2002)(reasoning of the *Allen* deci-

sion applies with equal force where the defendant pleads guilty); *see also People v. Gardner*, 55 P.3d 231 (Colo.App.2002)(sentencing statute that increased the minimum sentence for retaliation against a witness to a point within the original presumptive range based on trial court's finding that defendant was on probation for felony did not violate *Apprendi*).

### C.

■ Defendant also argues that he was illegally sentenced under § 18–1.3–401(9)(a), C.R.S.2003. We disagree.

The version of § 18–1.3–401(9)(a) in effect at the time defendant committed the crime in the robbery case required a sentence to a term of at least the minimum in the presumptive range for the class of felony, but not more than twice the maximum in that range, if the defendant was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted. *See* Colo. Sess. Laws 1990, ch. 120, § 18–1–105(9.5)(a) at 955.

Defendant appears to argue that, because he was convicted and sentenced for the "previous felony" in the sexual assault case at the same time he was convicted and sentenced for the robbery, which was committed while he was on bond, he had not yet been convicted of the "previous felony," and § 18–1.3–401(9)(a) is inapplicable.

Defendant's reading of the statute is incorrect. The record discloses that defendant was, in fact, on bond for the sexual assault when he committed the robbery offense. The mere fact that both convictions entered at the same time has no effect on the applicability of the statute because defendant was convicted of the previous sexual assault offense subsequent to his *commission* of the robbery offense.

Moreover, in imposing the maximum aggravated range sentence for the class five felony robbery offense, the court stated on the record as extraordinary circumstances that the offense was "extremely serious," it involved threats of violence and the threatened use of a weapon, and the intimidation and fear inflicted upon the victim were enormous. These findings are sufficient to authorize the aggravated range sentence. *See People v. Blackmon*, 20 P.3d 1215, 1222 (Colo.App.2000)(trial court must make specific findings of aggravating circumstances when any of the sentence-enhancing factors contained in § 18–1.3–401(9) are present).

Accordingly, we conclude that defendant's six-year DOC sentence in the robbery case was legal.

### IV.

■ Defendant contends that he has been illegally sentenced under two parole schemes: discretionary parole for the sex offense and mandatory parole for the robbery offense. Specifically, he argues that he is not required to serve the two-year term of mandatory parole on his robbery conviction because, under the governing sentence rule, discretionary parole must be applied to his entire DOC term. We do not agree.

Initially, we reject the People's contention that, because defendant did not make this precise argument in his Crim. P. 35 motion in the trial court, we should decline to consider it here. We read defendant's argument as a challenge to the legality of serving both discretionary and mandatory parole. Thus, we will address the claim. *See Duran v. Price*, 868 P.2d 375, 378 (Colo.1994)(electing to retain jurisdiction of defendant's parole claim in the interests of judicial economy). However, because defendant does not pursue on appeal his argument that he was not properly advised regarding the mandatory parole period, we deem that argument abandoned. *See Buckhannon v. U.S. W. Communications, Inc.*, 928 P.2d 1331, 1334 (Colo.App. 1996).

Defendant cites *Badger v. Suthers*, 985 P.2d 1042 (Colo.1999), in support of his argument. However, in *Badger*, the supreme court determined the defendant's parole eligibility date under the parole system as it existed before 1993. In 1993, the sentencing provisions were changed to provide for a term of mandatory parole to be served *after* a defendant has completed his or her term in the DOC. *See Badger v. Suthers, supra*, 985

P.2d at 1043 n. 1 (distinguishing between old concept of mandatory parole, which required release of an offender or placement on parole, and the new concept of a mandatory period of parole that an offender must serve following discharge from imprisonment; noting that the case dealt with the former and not the latter). Hence, *Badger* is inapposite.

Moreover, the "governing sentence" rule is only applicable where multiple sentences have been imposed to run concurrently and conflicting parole provisions apply. *See Spoto v. Colo. State Dep't of Corr.*, 883 P.2d 11 (Colo.1994). Here, defendant has received consecutive sentences. And when consecutive sentences are imposed, there is no need for one particular sentence to predominate. *See Spoto v. Colo. State Dep't of Corr., supra.*

With a mandatory parole period, an offender does not begin serving the period of parole until his or her prison sentence has been fully served, or the parole board determines that he or she is ready for parole. Section 17–22.5–403(7)(a), C.R.S.2003. The mandatory parole statutes do not permit waiver or suspension of any portion of the mandatory period of parole. Instead, the parole board is vested with the exclusive authority to release an offender from his or her designated parole period after determining that the offender has been sufficiently rehabilitated and can no longer benefit from parole supervision. Section 18–1.3–401(1)(a)(V)(A)–(B), C.R.S.2003; *see People v. Luther*, 58 P.3d 1013 (Colo.2002). Once an offender is released to parole supervision under the mandatory parole scheme, he or she is deemed to have discharged the sentence to imprisonment. Section 18–1.3–401(1)(a)(V)(D), C.R.S.2003. If the offender violates the conditions of mandatory parole, he or she may be returned to confinement as a penalty for that violation. Section 17–2–103(11)(b)(I), C.R.S.2003. The new period of confinement is limited only by the board's statutory authority and is not related to the offender's original sentence to incarceration. *See Martin v. People, supra.*

Under discretionary parole, an offender may be released at the discretion of the parole board for the remainder of any unserved portion of his or her prison sentence.

Section 17–2–201(5)(a). Thus, the imprisonment and discretionary parole cannot be longer than the trial court's original sentence. If the offender violates the terms of discretionary parole, he or she may be required to serve the remainder of the sentence in prison. *See Martin v. People, supra.*

■ Thus, while an offender subject to discretionary parole will never be confined for a period greater than the original sentence imposed, an offender subject to mandatory parole faces a sentence to prison, a period of parole, and possibly another period of confinement not necessarily limited to the original term of incarceration imposed. *See People v. Luther, supra; Martin v. People, supra.*

Here, we see no impediment to allowing both parole schemes to apply to defendant's consecutive sentences. However, because mandatory parole cannot be waived or altered, when defendant is released to parole, he will be required to serve two years of mandatory parole. Whether discretionary parole will also apply will depend upon whether there is any portion of his sentence to incarceration remaining when he is paroled.

Finally, to the extent defendant argues that § 18–1.3–401(1)(a)(V)(E), C.R.S.2003, dictates that discretionary parole should govern his sentence because the higher class of felony is the class four sex offense carrying discretionary parole, we reject the argument. That statute is directed to consecutive sentences that both carry a mandatory parole term and is therefore inapplicable in defendant's case.

In light of the conclusions reached in this opinion, we find no error in the trial court's determination not to appoint counsel or hold a hearing on defendant's motions. Also in light of this disposition, we need not address the other arguments raised by the parties.

■ To clarify any confusion regarding defendant's existing mittimuses, on remand the trial court shall correct the mittimus in the sexual assault case to reflect that defendant is required to serve discretionary parole on the class four felony sex offense. The

mittimus in the robbery case shall be corrected to reflect that defendant is required to serve two years of mandatory parole under § 18–1.3–401(1)(a)(V)(A).

The orders are affirmed, and the case is remanded for correction of the mittimuses.

Judge ROY and Judge PICCONE concur.