The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David S. STARCHER, Defendant–Appellant.

No. 04CA0241.

Colorado Court of Appeals, Div. I.

Dec. 30, 2004.

Ken Salazar, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Starcher, Pro Se.

MARQUEZ, J.

Defendant, David S. Starcher, appeals the trial court order denying his postconviction motion to "issue order for performance of sentence." We affirm and remand for correction of the mittimus.

In case no. 97CR4358, defendant pleaded guilty to second degree assault and crime of violence. He was sentenced in 1998 to seven years in the Department of Corrections (DOC) plus three years of mandatory parole. In 2000 while in prison for 97CR4358, defendant pleaded guilty in case no. 00CR20 to possession of contraband and was sentenced to a consecutive eighteen months in DOC plus one year of mandatory parole.

Thereafter, defendant filed his postconviction motion requesting that the trial court order the DOC to run his three-year mandatory parole period in 97CR4358 concurrently with his eighteen-month sentence in 00CR20. The trial court denied the motion, finding that defendant's interpretation of the sentencing statutes would be contrary to *People v. Luther*, 58 P.3d 1013 (Colo.2002).

On appeal, defendant contends that the trial court erred in relying on *Luther*. He asserts that § 18–1.3–401(1)(a)(V)(E), C.R.S. 2004, applies to offenders who have multiple convictions and sentences received at the same time in the same case or two or more cases disposed of at the same time. In his view, it does not apply to offenders, like him, who receive two or more consecutive sentences in separate cases at separate times. He argues that the DOC is erroneously running his consecutive sentences continuously pursuant to § 17–22.5–101, C.R.S.2004, and then placing him on mandatory parole for the period for the highest class felony of which he was convicted. Therefore, he maintains that the three-year period of mandatory parole in 97CR4358 should run concurrently with the eighteen-month sentence in 00CR20. We disagree.

Section 17–22.5–101 provides that "when any inmate has been committed under several convictions with separate sentences, the [DOC] shall construe all sentences as one continuous sentence." Section 18–1.3–401(1)(a)(V)(E) provides that "[i]f an offender is sentenced consecutively for the commission of two or more felony offenses ... the mandatory period of parole for such offender shall be the mandatory period of parole established for the highest class felony of which such offender has been convicted."

Our primary task in construing a statute is to ascertain and give effect to the General Assembly's purpose or intent in enacting the statute. To discern legislative intent, a court must begin with the plain language of the statute. *Martin v. People*, 27 P.3d 846, 851 (Colo.2001). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And the statute must be read and considered as a whole. *People v. Hampton*, 857 P.2d 441 (Colo.App. 1992), *aff'd*, 876 P.2d 1236 (Colo.1994).

We presume that the General Assembly intended that the entire statute be effective and intended a just and reasonable result. Section 2–4–201(1)(b)–(c), C.R.S.2004. We must read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom*, 766 P.2d 665, 667 (Colo.1988).

Because the legislature enacted § 18–1.3–401(1)(a)(V)(E) after § 17–22.5–101, and made no attempt to alter § 17–22.5–101, we interpret the statutes to give effect to both sections. *See* § 2–4–201(1)(b); *People v. Luther, supra*, 58 P.3d at 1017.

Here, giving effect to both statutes, we conclude that pursuant to § 17–22.5–101, defendant's consecutive sentences for second degree assault and possession of contraband are one continuous sentence, with one period of mandatory parole. *See* § 18–1.3–401(1)(a)(V)(E). Defendant will not be eligible for parole until he completes all his incarceration time. *See Spoto v. Colo. State Dep't of Corr.*, 883 P.2d 11, 14–15 (Colo.1994)(under § 17–22.5–101, where both mandatory parole and discretionary parole provisions apply and consecutive sentences are imposed, there is no need for one particular sentence to dominate; § 17–22.5–101 requires that separate sentences be construed as one continuous sentence and denies an offender eligibility for parole until the completion of all incarceration); *cf. People v. Hall*, 87 P.3d 210 (Colo. App.2003)( an offender does not begin serving the period of mandatory parole until the prison sentence has been fully served). At the conclusion of his incarceration time, defendant will have a three-year period of mandatory parole, the period established for the highest class felony of which he was convicted.

Nothing in either statute states that the sentences must be served at the same time in the same case or that two or more cases must be disposed of at the same time. To the contrary, § 17–22.5–101 refers to "several convictions with *separate* sentences" (emphasis added).

Defendant's interpretation of §§ 17–22.5–101 and 18–1.3–401(1)(a)(V)(E) could produce an absurd result. For example, if an offender were sentenced to ten years in prison plus three years of mandatory parole, and two years later while in prison committed another crime for which he was sentenced to a consecutive five years in prison plus two years of mandatory parole, the offender would serve his three years of mandatory parole on the highest class felony before ever being released from prison. This scenario would make meaningless § 18–1.3–401(1)(a)(V)(E). Clearly, the General Assembly did not intend this absurd result, but intended that every offender serve a period of parole. Accordingly, the trial court did not err in relying on *People v. Luther, supra*, in denying defendant's postconviction motion.

To the extent defendant argues that § 17–22.5–101 is unconstitutional, we decline to address the issue. It was not raised in the trial court and therefore is not properly before us for review. *See People v. Goldman*, 923 P.2d 374 (Colo.App.1996)(allegations not raised in a Crim. P. 35(c) motion and thus not ruled on by the trial court are not properly before us for review).

However, the mittimus in 97CR4358 must be corrected to state that defendant is subject to a three-year period of mandatory parole pursuant to § 18–1.3–401(1)(a)(V). *See Craig v. People*, 986 P.2d 951

(Colo.1999)(mittimus that does not reflect the mandatory parole period must be corrected).

The order is affirmed, and the case is remanded to the trial court with directions to issue a corrected mittimus.

Judge CASEBOLT and Judge ROY concur.