25CA1200 Eaves v Kilcullen 06-04-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1200
El Paso County District Court No. 24CV490
Honorable Michael McHenry, Judge

---

Rodney Douglas Eaves,

Plaintiff-Appellant,

v.

Brittany Kilcullen, C.O. Romack, C.O. Morningrave a/k/a Morningwake,
Austin Chrestensen, Jason Lengerigh, Brittany Hathaway, Marshall Griffith,
Moses Stancil, C.O. Hildebrand, Kasey Artichoker, Narva Courtney, C.O.
Sherwood, James Hill, Richard Mata, Derrick Dockter, Jessica Gallegoes, and
Clarence Vandyke,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE BROWN
Harris and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 4, 2026

---

Rodney Douglas Eaves, Pro Se

Philip J. Weiser, Attorney General, Taylor R. Bast, Assistant Attorney General
II, Denver, Colorado, for Defendants-Appellees Kilcullen, Romack, Morningrave
a/k/a Morningwake, Chrestensen, Lengerigh, Hathaway, Griffith, Stancil,
Hildebrand, Artichoker, Courtney, Sherwood, Hill, and Vandyke

Hall & Evans, L.L.C., Andrew Ringle, Edmund M. Kennedy, Denver, Colorado,
for Defendants-Appellees Mata, Dockter, and Gallegoes

¶ 1 Plaintiff, Rodney Douglas Eaves, appeals the district court's judgment dismissing his complaint against two sets of defendants: first, those employed by the State of Colorado — Brittany Kilcullen, Jeffrey Romack, Carrie Morningwake,[1] Austin Chrestensen, Jason Lengerigh, Brittany Hathaway, Marshall Griffith, Moses Stancil, James Hildebrand, Kasey Artichoker, Narva Courtney, Michael Sherwood, James Hill, and Clarence Vandyke (collectively, the State Defendants); and second, those employed by the Bent County Correctional Facility (BCCF) — Richard Mata, Derrick Dockter, and Jessica Gallegoes (collectively, the BCCF Defendants). We affirm.

## I. Background

¶ 2 In November 2024, Eaves filed his original complaint in the El Paso County District Court, raising three claims against the State Defendants and one claim against both the State Defendants and the BCCF Defendants.

¶ 3 In claim one, Eaves alleged that certain State Defendants "willfully or recklessly or negligently disposed of [his] property" or

---

[1] Throughout his original complaint, Eaves referred to State Defendant Morningwake as "Morningrave" or "Moringrave." He corrected the spelling of Morningwake's name in subsequent filings with the district court.

"failed to properly inventory [the] property which led to its loss." He also alleged that the State Defendants "willfully or recklessly retaliated against [him] for his religious beliefs . . . and disposed of [his] religious faith items." Eaves alleged that the State Defendants' actions led him to permanently be deprived of property.

¶ 4    In claim two, Eaves alleged that both the State Defendants and the BCCF Defendants fraudulently conducted an administrative hearing that resulted in the disposal of his personal property. Specifically, Eaves alleged that the BCCF Defendants "perpetrated a fraud against" him by convincing him "that the administrative hearing being conducted was being held according to their contractual obligations to the State of Colorado." He further alleged that he informed certain State Defendants "that a fraud had been perpetrated" but that the State Defendants "helped cover up the fraud by allowing [the BCCF] Defendants to conduct the hearing" without "address[ing] or investigating the fraud." Eaves alleged that the fraud "contributed to the willful or reckless or negligent loss of [his] property."

¶ 5    In claim three, Eaves alleged that certain State Defendants "disposed of [his] property" in a manner that violated "the [Colorado Department of Corrections' (CDOC)] Administrative Regulations."

¶ 6    Finally, in claim four, Eaves alleged that certain State Defendants "willfully or recklessly or negligently denied religious property."

¶ 7    Eaves asked the court to enter judgment against the defendants "jointly and severally in the amounts established by the evidence, interest, costs and punitive damages in the amount of $1000.00 against each defendant jointly and severally."

¶ 8    The State Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), arguing that Eaves' claims against them were barred by the Colorado Governmental Immunity Act (CGIA).  Specifically, the State Defendants argued that Eaves' claims were tort claims and that Eaves failed to allege facts sufficient to show that the State Defendants acted willfully or wantonly.

¶ 9    Eaves then filed an amended complaint, altering only the allegations in claim two and leaving claims one, three, and four unchanged.  Eaves' amendments clarified that the second claim

concerned the defendants' conduct related to two CDOC administrative hearings held in 2023: Hearing No. 23-151, held March 23, and Hearing No. 23-239, held April 27. Eaves alleged that the BCCF Defendants executed a contract with the State of Colorado — "Contract #129085" — that required administrative hearings to be conducted by a hearing officer "above the rank of correctional officer III." According to Eaves, the BCCF Defendants represented that the hearing officer who conducted the hearings "was authorized by CD[OC] to be a hearing officer" but that the "representation was false because" the BCCF Defendants "knew that [the hearing officer] was not a correctional officer III or above." Eaves alleged that the BCCF Defendants' fraud, and the State Defendants' subsequent "cover up," led Eaves "to believe he was receiving an impartial hearing which ultimately led to [him] being transferred from his residence in violation of Contract #129085."

¶ 10 After filing his amended complaint, Eaves responded to the State Defendants' motion to dismiss his original complaint, arguing that the CGIA did not immunize the State Defendants from liability for his claims. As relevant to this appeal, Eaves argued that his

4

original complaint alleged facts sufficient to show that the State Defendants engaged in willful and wanton conduct.

¶ 11    In response to Eaves' original complaint, the BCCF Defendants filed a motion for a more definite statement. The district court granted the motion and ordered Eaves to file an amended complaint, but it did not enter that order until *after* Eaves filed his first amended complaint. To avoid confusion, the court ordered Eaves to file a second amended complaint, and Eaves complied with the court's order. Although Eaves updated the title of the pleading to reflect that it was his second amended complaint, his allegations mirrored those in the first amended complaint.

¶ 12    Before the defendants had an opportunity to respond to Eaves' second amended complaint, the court granted the State Defendants' motion to dismiss Eaves' original complaint. In a May 16 order, the court concluded that "all of [Eaves'] claims lie in tort and are subject to the CGIA" and that Eaves had "not alleged any facts that show the State Defendants acted in a willful or wanton manner." Thus, the court concluded that "the State Defendants [were] entitled to immunity under the CGIA" and dismissed Eaves' claims against the State Defendants for lack of subject matter jurisdiction.

5

¶ 13    Three days later, the State Defendants filed a motion to dismiss the second amended complaint.  On May 21, the court deemed the State Defendants' motion moot "because the court was focused on [Eaves'] [s]econd [a]mended [c]omplaint when it granted [the State] Defendants' first motion to dismiss."  The court explained that Eaves' "second complaint did not cure the defects of the first complaint, and the court's granting of [the State] Defendants' motion to dismiss applies to the second complaint."

¶ 14    Separately, the BCCF Defendants filed a motion to dismiss the second amended complaint, arguing that the claim Eaves asserted against them involved a challenge to the referenced administrative hearings, was governed by C.R.C.P. 106.5, and had to be filed within twenty-eight days of the final decisions from those hearings. Because Eaves filed his original complaint more than a year after the hearings, the BCCF Defendants argued that the claim was time barred.  The court agreed and granted the BCCF Defendants' motion to dismiss.  This appeal followed.

## II.    Analysis

¶ 15    Eaves contends that the district court erred by (1) failing to consider his response to the State Defendants' motion to dismiss;

6

(2) concluding that the State Defendants were immune from his claims under the CGIA; and (3) dismissing his claim against the BCCF Defendants. We discern no basis to reverse.

## A. Standard of Review

¶ 16    We generally review a trial court's order dismissing a complaint for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) as a mixed question of fact and law, reviewing the court's factual findings for clear error and its legal conclusions de novo. *Ferguson v. Spalding Rehab., LLC*, 2019 COA 93, ¶ 7. But when, as here, "all relevant evidence is presented to the trial court, and the underlying facts are undisputed, the trial court may decide the jurisdictional issue as a matter of law, in which case appellate review is de novo." *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001); *accord Roane v. Elizabeth Sch. Dist.*, 2024 COA 59, ¶ 19.

¶ 17    Because Eaves filed this appeal without the assistance of counsel, we construe his briefs broadly to ensure that he is not denied review of important issues because of his inability to articulate his argument like a lawyer. *Jones v. Williams*, 2019 CO 61, ¶ 5. Still, it is not our role to rewrite his briefs or to act as his advocate. *Johnson v. McGrath*, 2024 COA 5, ¶ 10.

## B.    Procedural Challenge

¶ 18    Eaves contends that the district court abused its discretion by granting the State Defendants' motion to dismiss without first considering his response. We agree but conclude that the error was harmless.

¶ 19    To evaluate Eaves' contention, we summarize the relevant procedural history. After Eaves filed his original complaint, the State Defendants filed a motion to dismiss. Eaves filed a response twelve days later. Separately, Eaves filed an amended complaint and then a second amended complaint, as ordered by the court. Notwithstanding the first and second amended complaints, the district court granted the State Defendants' motion to dismiss Eaves' original complaint. In doing so, the court noted that Eaves "did not file a [r]esponse." The State Defendants then filed a motion to dismiss Eaves' second amended complaint. The court deemed that motion moot but essentially dismissed the second amended complaint on the same grounds as the original complaint.

¶ 20    We perceive two errors in the procedures the court followed when dismissing the second amended complaint. First, as Eaves contends on appeal, the court erred by granting the State

Defendants' motion to dismiss without considering his response. The court's May 16 dismissal order noted that Eaves "did not file a [r]esponse," but the court's observation is contradicted by the record. Eaves timely filed a response twelve days after the State Defendants filed their motion to dismiss his original complaint and more than a month before the court issued the May 16 order. *See* C.R.C.P. 121, § 1–15(1)(b) ("[A] responding party shall have 21 days after the filing of the motion or such lesser or greater time as the court may allow in which to file a responsive brief."). Because the May 16 order shows that the court did not consider Eaves' timely filed response before granting the State Defendants' motion, the court erred.

¶ 21    Second, the court erred by granting the State Defendants' motion to dismiss Eaves' original complaint because, by the time the court issued the May 16 order, Eaves' original complaint was no longer the operative complaint. *See* C.A.R. 1(d) (stating that an appellate court may "notice any error appearing of record"). Generally, when a plaintiff files an amended complaint, the original complaint is superseded, and the amended filing becomes the operative complaint for the litigation. *Currier v. Sutherland*, 218

P.3d 709, 715 (Colo. 2009). When Eaves filed his second amended complaint on May 5, his original complaint was superseded, and the State Defendants' motion to dismiss Eaves' original complaint became moot. *See Castillo v. Stem Sch. Highlands Ranch*, 2025 COA 88, ¶ 25 ("A [motion] becomes moot when the relief sought, if granted, would have no practical legal effect on the controversy."). Thus, the court should not have dismissed the second amended complaint based on the State Defendants' motion to dismiss the original complaint.

¶ 22 Although the court erred both by failing to consider Eaves' timely filed response to the State Defendants' motion to dismiss and by granting that motion after Eaves filed a second amended complaint, we conclude that these errors are harmless for two reasons. *See* C.R.C.P. 61 (an error is harmless if it did not affect a substantial right of a party); *Bly v. Story*, 241 P.3d 529, 535 (Colo. 2010) (an error affects a party's substantial right if it substantially influences the outcome of the case or impairs the basic fairness of the trial itself).

¶ 23 First, because we review the court's order dismissing Eaves' second amended complaint de novo, *see Medina*, 35 P.3d at 452, we

will consider his response to the State Defendants' motion to dismiss, even if the district court failed to do so. *See Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 859 (Colo. App. 2007) (In our de novo review of a motion to dismiss, "we are in as good a position as the trial court to assess" the parties' pleadings and may resolve the issue ourselves as a matter of law.). And second, the May 21 order effectively dismissed the second amended complaint for the same reason the court dismissed the original complaint, and we consider the merits of both orders as challenged by Eaves in this appeal. Thus, these errors did not affect Eaves' substantial rights and provide no basis to reverse. *See Bly*, 241 P.3d at 535.

### C. Claims Against the State Defendants

¶ 24 Eaves contends that the district court erred by determining that the CGIA barred his claims against the State Defendants because (1) he raised each claim within the context of a breach of contract; (2) section 13-21-131(2)(a), C.R.S. 2025, waives the State Defendants' immunity; and (3) he alleged sufficient facts to show willful and wanton conduct. We disagree.

11

### 1. Applicable Law and Standard of Review

¶ 25 "The General Assembly enacted the CGIA to limit the potential liability of public [employees] for compensatory damages in tort." *Grand Junction Peace Officers' Ass'n v. City of Grand Junction*, 2024 COA 89, ¶ 17. Under the CGIA, a public employee is immune from "liability in any claim for injury . . . which lies in tort or could lie in tort . . . unless the act or omission causing such injury was willful and wanton." § 24-10-118(2)(a), C.R.S. 2025. However, the immunity provided by the CGIA does not extend to "actions grounded in contract." *City of Aspen v. Burlingame Ranch II Condo. Owners Ass'n*, 2024 CO 46, ¶ 30 (quoting *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1003 (Colo. 2008)).

¶ 26 "The determination of whether there is immunity under the CGIA is a question of subject matter jurisdiction to be decided pursuant to C.R.C.P. 12(b)(1)." *Moran v. Standard Ins. Co.*, 187 P.3d 1162, 1164 (Colo. App. 2008). The plaintiff bears the burden of establishing that the public entity or employee is not immune under the CGIA and that the trial court has jurisdiction over the claim. *Henderson v. City & County of Denver*, 2012 COA 152, ¶ 21.

### 2. Eaves Failed to Preserve His Contention that His Claims Arose Out of a Breach of Contract

¶ 27    Eaves first contends that the district court erred by determining that his claims against the State Defendants were tort claims subject to the CGIA.  Rather, Eaves argues that his second amended complaint "clearly states that his claims arose out of contractual obligations."  We conclude that this contention is unpreserved.

¶ 28    We acknowledge that Eaves alleged that a contract existed between BCCF and the State of Colorado.  But in his response to the State Defendants' motion to dismiss, Eaves "affirmatively agree[d] and assert[ed] that all his claims are for actions that lie in tort."  Eaves did not defend against the motion to dismiss on the ground that he had pleaded a breach of contract claim: He did not identify a contract, assert that any one of the State Defendants had breached a contract, or explain how the breach had caused an injury.  Rather, he argued that the State Defendants had waived immunity under section 24-10-106(1)(b), C.R.S. 2025, an argument he has abandoned on appeal.  *See People v. Hall*, 87 P.3d 210, 213

(Colo. App. 2003) (we deem abandoned any argument raised before the district court but not pursued on appeal).

¶ 29     Because Eaves failed to preserve his contention that his claims are contract claims, we do not address it.  *See Kritzer v. Qwest Corp.*, 2025 COA 54, ¶ 23 (an issue is not preserved for appellate review if the party makes one argument to the trial court and a different one on appeal); *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 22 ("We do not review issues that have been insufficiently preserved.").

### 3.     Eaves Failed to Preserve His Contention that Section 13-21-131 Waived the State Defendants' CGIA Immunity

¶ 30     Eaves next contends that the State Defendants are not immune from his claims because section 13-21-131(2)(a) waives CGIA immunity for correctional officers.  But Eaves did not cite section 13-21-131 or make any arguments concerning that statute's alleged waiver of CGIA immunity either in his second amended complaint or in his response to the State Defendants' motion to dismiss.  Because Eaves did not raise this argument in the district court, this contention is also unpreserved, and we will not address

it.[2]  *See Am. Fam. Mut. Ins. Co. v. Allen,* 102 P.3d 333, 340 n.10 (Colo. 2004) ("Arguments not raised before the trial court may not be raised for the first time on appeal.").

### 4. Eaves Did Not Allege Facts Sufficient to Show that the State Defendants' Conduct Was Willful and Wanton

¶ 31    Finally, Eaves contends that the district court erred by determining that his second amended complaint failed to allege facts sufficient to show that the State Defendants' conduct was willful and wanton.  We are not persuaded.

¶ 32    Within the context of the CGIA, a "public employees' actions are willful and wanton when the employees are 'consciously aware that their acts or omissions create danger or risk to the safety of

---

[2] Construing the opening brief broadly, Eaves also appears to challenge the district court's failure to hold an evidentiary hearing. *See Trinity Broad. of Denv., Inc. v. City of Westminster*, 848 P.2d 916 (Colo. 1993).  But such hearings are necessary only when the parties' evidence presents a dispute of fact bearing on questions of immunity.  *See id.* at 924; *Medina v. State,* 35 P.3d 443, 452-53 (Colo. 2001) (a trial court may decide a jurisdictional issue as a matter of law if all relevant evidence is presented to the court and the underlying facts are undisputed).  The only facts that Eaves argues were disputed relate to his claim that section 13-21-131(2)(a), C.R.S. 2025, waived the State Defendants' immunity under the CGIA.  Because Eaves never raised section 13-21-131 in the district court, we cannot conclude that the court erred by failing to hold a hearing to resolve disputed facts relevant to that argument.

15

others, and they then act, or fail to act, without regard to the danger or risk.'" *L.J. v. Carricato*, 2018 COA 3, ¶ 33 (citation omitted).  To avoid dismissal under the CGIA, a plaintiff must do more than "merely assert that a public employee's acts or omissions were willful and wanton." *Id.*  The complaint must allege "'specific facts to support a reasonable inference' that the employee was consciously aware that [their] acts or omissions created danger or risk to the safety of others, and that [they] acted, or failed to act, without regard to the danger or risk." *Id.* (citation omitted).

¶ 33     We conclude that Eaves' second amended complaint does not allege sufficient facts to show that the State Defendants engaged in willful and wanton conduct.  In each claim, Eaves generically alleges that the State Defendants "willfully or recklessly or negligently" deprived Eaves of his property, contributed to the disposal of his property, or allowed other defendants to do so.  But he alleges no *facts* showing that the State Defendants were "consciously aware that [their] acts or omissions created danger or risk to the safety of others." *Id.* (citation omitted).

¶ 34     Eaves points to a letter he served on the State Defendants pursuant to section 24-10-109, C.R.S. 2025, providing notice of his

16

intent to sue.[3] Even considering the allegations in the letter, we still conclude that Eaves failed to sufficiently allege facts evidencing willful and wanton conduct. For example, Eaves alleged that a State Defendant "falsified an incident report," but he did not explain what the report was, how the report was falsified, or how the falsified report contributed to the alleged injury. He also alleged that the State Defendants engaged in "calculated harassment and retaliation," but he did not explain what they did to harass or retaliate against him or how that conduct contributed to the loss of his property. Finally, Eaves' letter includes references to fraud, which must be pleaded with particularity, *see* C.R.C.P. 9(b), but he did not allege any particular facts that evidenced fraudulent conduct or explain how that fraud "creat[ed] danger or risk to the safety of others." *Carricato*, ¶ 33 (citation omitted).

¶ 35     In the end, we conclude that Eaves' allegations are simply too vague and conclusory to demonstrate willful and wanton conduct sufficient to avoid the application of the CGIA. *Id.* Discerning no

---

[3] Eaves attached his letter of intent to sue to his response to the State Defendants' motion to dismiss and incorporated the letter into his second amended complaint by reference.

basis to reverse the district court's order granting the State Defendants' motion to dismiss, we affirm.[4]

### D. Claim Against BCCF Defendants

¶ 36 Eaves contends that the district court erred by dismissing his claim against the BCCF Defendants because neither "collateral estoppel nor issue preclusion prevents [him] . . . from filing suit against the BCCF Defendants for property loss due to their fraud under contractual obligations." But the court dismissed the claim against the BCCF Defendants as untimely under C.R.C.P. 106.5 and C.R.C.P. 106(b). Because Eaves does not challenge that basis for the court's order, we affirm.

¶ 37 In granting the BCCF Defendants' motion to dismiss, the court understood Eaves' claim as challenging the outcome of two administrative proceedings held on March 23 and April 27, 2023. The court construed Eaves' claim as one brought by an inmate seeking review of a quasi-judicial decision by the CDOC, which is governed by C.R.C.P. 106.5. Any complaint seeking review under

---

[4] To the extent Eaves made other arguments in his response to the State Defendants' motion to dismiss that he does not reassert on appeal, those arguments are abandoned, and we will not consider them. *See People v. Hall*, 87 P.3d 210, 213 (Colo. App. 2003).

18

C.R.C.P. 106.5 "shall be filed in the district court not later than 28 days after the final decision of the body or officer." C.R.C.P. 106(b); *see* C.R.C.P. 106.5(a) ("The provisions of C.R.C.P. 106(b) . . . shall govern all cases brought under this Rule 106.5."). Because Eaves did not file his complaint challenging these hearings until November 2024 — more than a year after either hearing took place — the court reasoned that Eaves' claim was time barred. *See Brown v. Walker Com., Inc.*, 2022 CO 57, ¶¶ 17, 46 (C.R.C.P. 106(b)'s filing deadline is a strict jurisdictional limitation).

¶ 38    On appeal, Eaves argues that the court incorrectly applied collateral estoppel or issue preclusion to bar his claim against the BCCF Defendants. Although the court noted that Eaves had "already raised the issue concerning the rank of the hearing officer in his [CDOC] proceeding in other pending actions before other courts," that observation did not serve as the basis of the court's order granting the BCCF Defendants' motion to dismiss. Rather, the court dismissed Eaves' claim against the BCCF Defendants because it was not timely filed.

¶ 39    Critically, Eaves does not argue that his claim was not time barred by C.R.C.P. 106(b) and 106.5. Because Eaves does not

challenge the reason the court dismissed his claim against the BCCF Defendants, we affirm.[5]  *See IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (appellant's failure to challenge all reasons for the court's decision requires affirmance).

## III.   Disposition

¶ 40    We affirm the district court's judgment.

JUDGE HARRIS and JUDGE TOW concur.

---

[5] To the extent Eaves argues for the first time in his reply brief that the district court erred by dismissing his second amended complaint as untimely under C.R.C.P. 106 and 106.5, we do not consider that argument.  *See IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 718 (Colo. App. 2008) (we do not consider arguments made for the first time in a reply brief).