**UNITED STATES of America, and Carroll, Hedlund & Associates, Inc., a Washington corporation, Appellants,**

v.

**Richard E. DOOLEY and Jean Dooley, his wife, Appellees.**

**No. 14390.**

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1955.

424

Charles P. Moriarty, U. S. Atty., F. N. Cushman, Asst. U. S. Atty., A. T. Bateman, Richard C. Reed, S. W. Brethorst, Brethorst, Fowler, Dewar, Bateman & Reed, Seattle, Wash., for appellant.

R. P. Guimont, Durham & Guimont, Seattle, Wash., for appellees.

Before STEPHENS, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This action was brought in the District Court against the United States of America to recover damages for personal injuries alleged to have been caused by the negligence of the Federal Housing Administration, an agency of the United States, and Carroll, Hedlund & Associates, Inc., a Washington corporation, its agent.

Plaintiffs alleged in their complaint that they are and each of them is a citizen and resident of the State of Washington.

After a trial by the court without a jury, the court granted a joint judgment against the United States and the Washington corporation.

■ At the oral argument attention was called to the fact that this judgment was entered on March 26, 1954, and that some months thereafter, on June 30, the opinion of this Court in Benbow v. Wolf, 217 F.2d 203, was handed down holding that the jurisdiction of the District Court under the Tort Claims Act over the United States will not support as ancillary thereto a claim against the agent of the government. In the instant case, there was no independent ground of jurisdiction between the Dooleys and Carroll, Hedlund & Associates. The stock basis of jurisdiction in virtue of diversity of citizenship was negatived by express allegations of the complaint. No federal question was outlined.

Jean Dooley, according to the testimony, fell upon a walk at a housing project because a wire which had been erected to protect newly seeded grounds of the project had been allowed to fall down and was lying loose across the sidewalk. The housing project was owned by the United States and was managed by Carroll, Hedlund & Associates, Inc., a Washington corporation, as the agent of the United States. The fences had been erected by a landscape gardening firm. Jean Dooley and her husband were tenants of this project, and these walks were maintained as commonways for the

tenants. Various employees of the project and of Carroll, Hedlund & Associates were assigned the duties of inspecting and maintaining these fences continuously for the protection of those lawfully using the walks. All of such employees had notice that the wires so erected were apt to be down at any time day or night and be a danger to the user of the walks. The trial judge made findings as to both of the defendants. In view of the fact that the United States now becomes the sole defendant, there must be a modification of these findings in accordance with the express terms of the Tort Claims Act, 28 U.S.C.A. §§ 1346 (b), 2671–2680.

■■■ It seems that there were sufficient facts here to establish liability as to the United States, as the trial court concluded. There must be a finding that some employee of the government was negligent in some particular founding liability under Washington law. In view of the fact that a joint judgment cannot be upheld, the findings to support this liability should, upon remand, be clearly drawn. There should be included all the elements made requisite by the basic statute: (a) "personal injury", (b) "caused by", (c) "the negligent * * * act or omission", (d) "of any employee of the Government", (e) "while acting within the scope of his office or employment," (f) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred", and all facts shown by the record which are essential under the law of the State of Washington to render a private party responsible for the acts of its employees under such circumstances.

" 'Employee of the government' includes * * * persons acting on behalf of a federal agency in an official capacity, temporarily or permanently * * *." 28 U.S.C.A. § 2671.

Under the Tort Claims Act, the government cannot be held as landowner or landlord. But the United States, by the express terms of the enactment, is liable for the acts and omissions of its employees. Here the alleged negligence of the caretakers consisted in the building and failure to maintain the fences which were in such position that a wire which fell or broke got on the walk. The duty of the landowner and the landlord was in the background. The duty of these agents was to prevent these wires from becoming a hazard. This can be easily distinguished.

The joint judgment is set aside and the cause remanded, the pleadings will be amended in accordance with the record to eliminate the private defendant, and the trial court will, without retrial, make specific findings of fact upon the present record and enter appropriate judgment.