**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TIMM ADAMS; et al.,
            *Plaintiffs-Appellees,*

THOMAS HELICOPTERS, INC.,
            *Intervenor-Appellant,*

            and

E. I. DU PONT DE NEMOURS AND
COMPANY, INC.; et al.,
            *Intervenors,*

            v.

UNITED STATES OF AMERICA,
            *Defendant-Appellee.*

No. 04-35129

D.C. No.
CV-03-00049-BLW

TIMM ADAMS; et al.,
            *Plaintiffs,*

            v.

E. I. DU PONT DE NEMOURS
COMPANY, INC., a Delaware
corporation; et al.,
            *Defendants,*

            and

DEANGELO BROTHERS, INC., a
Pennsylvania corporation,
            *Defendant-Appellant,*

UNITED STATES OF AMERICA,
            *Respondent-Appellee.*

No. 04-35247

D.C. No.
CV-03-00318-BLW

TIMM ADAMS; et al.,
                                    *Plaintiffs,*

E. I. DU PONTE DE NEMOURS AND
COMPANY, INC.; et al.,
                                    *Intervenors,*

          and

DEANGELO BROTHERS INC.,
                    *Intervenor-Appellant,*

          v.

UNITED STATES OF AMERICA,
                    *Defendant-Appellee.*

No. 04-35248

D.C. No.
CV-03-00049-BLW


TIMM ADAMS; et al.,
                                    *Plaintiffs,*

          and

THOMAS HELICOPTERS, INC., an
Idaho corporation; et al.,
                    *Petitioners-Appellants,*

          v.

E. I. DU PONT DE NEMOURS AND
COMPANY, INC., a Delaware
corporation; et al.,
                                    *Defendants,*

          and

UNITED STATES OF AMERICA,
                    *Respondent-Appellee.*

No. 04-35154

D.C. No.
CV-03-00318-BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted
June 9, 2005—Seattle, Washington

Filed August 23, 2005

Before: Robert R. Beezer, David R. Thompson, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge Thompson

## COUNSEL

Steven F. Schossberger, Boise, Idaho, for intervenor-appellant Thomas Helicopters, Inc.

John L. King, Boise, Idaho, for intervenor-appellant DeAngelo Brothers, Inc.

David S. Fishback, Department of Justice, Washington, D.C., for defendant-appellee United States of America.

## OPINION

THOMPSON, Senior Circuit Judge:

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680, includes a certification process for immunity from tort claims against employees of the government. 28 U.S.C. § 2679(b)(1). Such employees are defined, in part, as "persons acting on behalf of a federal agency." 28 U.S.C. § 2671. We conclude that the word "persons" as used in this portion of the FTCA does not include corporations, notwithstanding the Dictionary Act's provision that the word "person" when used in an Act of Congress includes "corporations" "unless the context indicates otherwise." 1 U.S.C. § 1. Thus, we hold that a corporation may not obtain immunity through the certification process of 28 U.S.C. § 2679, and we affirm the district court's order affirming the government's denial of FTCA certification to the corporate defendants, Thomas Helicopters, Inc., and DeAngelo Brothers, Inc.

I

The Bureau of Land Management contracted with Thomas Helicopters and DeAngelo Brothers to apply herbicide to Bureau-managed land in Idaho to prevent weed growth. Approximately 440 plaintiffs made up of farmers and land-owners sued the manufacturer of the herbicide, as well as Thomas Helicopters, DeAngelo Brothers, and the United States, alleging that the improper application of the herbicide caused it to drift onto the plaintiffs' land resulting in damages in excess of $700 million.

Thomas Helicopters and DeAngelo Brothers petitioned the United States government to certify them as government employees under the FTCA. Had they been so certified, they would no longer be defendants and would be out of the case. The FTCA allows the United States to substitute itself for the government employee as the defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1), (2). The United States rejected the petitions on the ground that certification was not available to corporate entities. Thomas Helicopters and DeAngelo Brothers then sought review of that decision in the district court. The district court affirmed the government's denial of certification, and this appeal followed.

II

The district court's order that certification was properly refused is immediately appealable, *Arthur v. United States*, 45 F.3d 292, 294 (9th Cir. 1995), and presents to us a question of law that we review de novo. *See Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 875 (9th Cir. 1992). We have jurisdiction under 28 U.S.C. § 1291.

A

**[1]** The FTCA provides a waiver of the United States government's sovereign immunity for tort claims arising out of the conduct of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *United States v. Orleans*, 425 U.S. 807, 813-14 (1976). The FTCA defines "employee of the government" in a way that creates five categories of employees:[1]

[1] officers or employees of any federal agency,

[2] members of the military or naval forces of the United States,

[3] members of the National Guard while engaged in training or duty,

[4] *persons acting on behalf of a federal agency in an official capacity*, [and]

[5] officer[s] or employee[s] of a Federal public defender organization, [with certain exceptions].

28 U.S.C. § 2671 (emphasis added). The fourth category lies at the heart of this case. As used in that category, "federal agency" includes

---

[1]The actual text of the definition found in 28 U.S.C. § 2671 reads:

"Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

*Id.*

**[2]** The FTCA leaves the term "persons" undefined. The Dictionary Act, however, enacted approximately one year before the FTCA, provides (as it did before the FTCA's passage) that

In determining the meaning of any Act of Congress, unless the context indicates otherwise —

. . . .

the word[ ] "person" . . . include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals . . . .

1 U.S.C. § 1.

The FTCA provisions for substituting the government for the "employee of the government" as the defendant in an FTCA action were adopted as an amendment to the FTCA in 1988 in reaction to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988). In *Westfall*, the Court narrowed the scope of official immunity by holding that individual federal employees were immune from personal liability only when acting "within the scope of their official duties *and* the conduct is discretionary in nature." 484 U.S. at 297-98. The Court left any further immunity of federal employees up to Congress. *Id.* at 300 (noting that Congress is in the best position to decide the scope of immunity and that "legislated

standards governing the immunity of federal employees . . . would be useful."). Congress responded by enacting what is commonly known as the Westfall Act (the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679), which conferred immunity to federal employees acting within the scope of their office or employment regardless of whether their conduct was discretionary.

B

**[3]** Under the Dictionary Act, the FTCA's "government employee" definition, which uses the word "persons," 28 U.S.C. § 2671, would include corporations unless "the context [of the FTCA] indicates otherwise." 1 U.S.C. § 1. The Supreme Court's decision in *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), guides our interpretation of this contextual proviso of the Dictionary Act.

In *Rowland*, the Court applied the Dictionary Act's definition of "person" to the *in forma pauperis* statute, 28 U.S.C. § 1915, and held that the context of the *in forma pauperis* statute indicated that its use of "person" referred only to individuals, not to artificial entities. *Rowland*, 506 U.S. at 201-11.

**[4]** The *Rowland* Court, in applying the Dictionary Act's definition of "person" to another Act of Congress, carefully considered the Dictionary Act's proviso that its definition should not be applied if " 'the *context* [of the other Act] *indicates otherwise*.' " *Rowland*, 506 U.S. at 199 (quoting 1 U.S.C. § 1) (emphasis added). The Court stated that *context* in this clause means "the text of the Act of Congress surrounding the word at issue, or the texts of other related congressional Acts." *Id.* Context does not extend to legislative history: "If Congress had meant to point . . . to legislative history . . . it would have been natural to use a more spacious phrase, like 'evidence of congressional intent,' in place of 'context.' " *Id.* at 200.

**[5]** In determining what a statute's context *indicates*, the Court stated that the scope of "indicates" is "broader" than that of "context" and while it is a "matter of judgment," it "imposes less of a burden than . . . 'requires' or 'necessitates.' " *Id.* Finally, to determine that the context of a statute indicates that a definition set forth in the Dictionary Act is not appropriate, a court need not conclude that the Dictionary Act's meaning would produce an absurd result. *Id.* at 200-01.

Applying this framework, the court in *Rowland* held that the word "person" as used in the *in forma pauperis* statute referred only to individuals. First, the *in forma pauperis* statute assumed litigants could appear *pro se*, which indicated that Congress must have been thinking only in terms of natural persons. *Id.* at 203. Second, the *in forma pauperis* statute required an affidavit supporting the person's "allegation of poverty," but artificial entities do not suffer poverty. *Id.* Third, the *in forma pauperis* statute required the person to make an affidavit, but "[b]ecause artificial entities cannot take oaths, they cannot make affidavits." *Id.* at 204. Finally, the *in forma pauperis* statute provided no resolution of the question how to apply the statute's "inability to pay" standard to corporations, and "congressional silence on the subject indicates that Congress simply was not thinking in terms of granting *in forma pauperis* status to artificial entities." *Id.* at 207.

Turning to our case, and following *Rowland* to decide whether the FTCA's use of the term "persons" in 28 U.S.C. § 2671 includes only natural persons, we look to the surrounding words and other related Acts. *Rowland*, 506 U.S. at 199. If extending the term "persons" to include artificial entities would "substantially frustrate[ ]" the FTCA's purpose, then the context would indicate "persons" is limited to natural persons. *Id.* at 210.

C

**[6]** Several contextual features of the FTCA indicate Congress meant "persons" to apply only to natural persons. Sec-

tion 2679(c), which describes FTCA coverage, refers to actions brought against "any employee of the Government or his estate . . . ." 28 U.S.C. § 2679(c). Corporations do not have estates. *See Black's Law Dictionary* 567 (7th ed. 1999) (defining "estate" as it is used here as "the collective assets and liabilities of a dead person"). By assuming employees have estates, Congress must have been thinking only in terms of natural persons. *Cf. United States v. Middleton*, 231 F.3d 1207, 1211 (9th Cir. 2000) (noting that the term "person" as used in 18 U.S.C. § 1030(e)(8)(C), which defines "damage" as "any impairment to a system 'that causes physical injury to any person' " does not include corporations because corporations "cannot suffer 'physical injury' ").

**[7]** In addition, section 2679(b)(2) of the FTCA, which excludes certain suits from coverage, states that immunity does not extend to a civil action "brought for a violation of a statute of the United States under which such action against an *individual* is otherwise authorized." 28 U.S.C. § 2679(b)(2)(B) (emphasis added). This section speaks in terms of an individual, not a corporate entity.

**[8]** The general construction of the FTCA's definitions section also indicates that "employee" is meant to be limited to individuals. The definition of "employee of the government" is textually divided into two groups, but actually lists five categories of employees. *See* 28 U.S.C. § 2671 (officers or employees of federal agencies; members of the military or naval forces; members of the National Guard while engaged in training or duty; persons acting on behalf of a federal agency in an official capacity; and some officers or employees of a federal public defender organization). Each category, save the one referring to "persons acting on behalf of a federal agency" explicitly concerns employees that can be only human beings — "officers or employees" or "members" of armed forces. Given the principle of statutory interpretation *noscitur a sociis*, that "several items in a list shar[ing] an attribute counsels in favor of interpreting the other items as pos-

sessing that attribute as well," *see Beecham v. United States*, 511 U.S. 368, 371 (1994), it seems likely Congress intended the category of "persons acting on behalf of a federal agency" to be limited to individuals so acting.

[9] The purpose of the FTCA also indicates that "persons" is limited to individuals. Congress passed the Westfall Act to amend the FTCA in response to the Supreme Court's limitation in *Westfall* of the scope of immunity available to federal employees. The Congressional findings passed along with the textual amendments in the Westfall Act demonstrate Congress was concerned with federal employees being personally liable for actions taken within the scope of their employment. Those findings repeatedly refer to protecting the federal workforce from personal liability. *See* Federal Employees Liability Reform and Tort Compensation Act, § 2, 102 stat. 4563, 4563-65 (codified at 28 U.S.C. § 2671 n.). The findings explain that the *Westfall* decision eroded the common law of tort immunity available to federal employees, thereby creating "an immediate crisis involving the prospect of personal liability and the threat of protracted personal tort litigation for the entire Federal workforce." *Id.* Congress stated that the purpose of the Westfall Act was, in part, to protect Federal employees from personal liability. *Id.* Such a concern about personal liability would not apply to corporations. *See e.g.*, *Federal Election Comm'n v. Beaumont*, 539 U.S. 146, 154 (2003) ("State law grants corporations special advantages — such as limited liability . . . ."). Thus, it seems clear that when Congress enacted the Westfall Act, it intended the provisions of that Act to protect natural persons whose personal fortunes might suffer, not artificial corporate entities which have limited liability. *Cf. Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 665-66 (1979) (holding that the statutory burden of proof on a "white person" involved in a property dispute applied to corporations because, to hold otherwise, would frustrate the purpose of the statute), *cited in Rowland*, 506 U.S. at 209-10.

D

Thomas Helicopters and DeAngelo Brothers offer a number of district court cases to argue that contrary to the preceding analysis, the Westfall Act's use of the term "persons" in amending the FTCA does include corporations. These cases are unhelpful. They either assume "persons" includes artificial entities without analysis of *Rowland* or the Dictionary Act's context proviso, or are simply not on point.

The only case decided by this court that is nearly on point is *United States v. Dooley*, 231 F.2d 423 (9th Cir. 1955). In *Dooley*, we remanded to the district court to determine whether a corporate agent of the United States could be a government employee under the FTCA. *Id.* at 425. The opinion indicates an affirmative answer. *Id.* That indication, however, appears vaguely in dicta. We have never decided whether artificial entities are "persons" under the FTCA, which is the question presented by the present case. Moreover, the Westfall Act was signed into law 30 years after *Dooley*, a critical fact which underscores that *Dooley* could not have considered the issue we confront here.

III

**[10]** We conclude the phrase "employee of the government" as used in 28 U.S.C. § 2671 does not include corporations. Because Thomas Helicopters and DeAngelo Brothers are corporate entities, they are not eligible for immunity certification as government employees under the FTCA.

**AFFIRMED**.