Mark Steven PRICE, Plaintiff–Appellant,

v.

Terry GODDARD, Defendant–Appellee.

No. 04–15807.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2007.[*]

Filed March 15, 2007.

Mark Steven Price, Florence, AZ, pro se.

Anne Stratman, Esq., Office of the Attorney General Insurance Defense, Tucson, AZ, for Defendant–Appellee.

Before: RYMER, WARDLAW, and, M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM** [**]

Mark Steven Price appeals from the district court's orders granting judgment on the pleadings and summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As ARS § 31–201.01(L) exempts suits authorized by a federal statute, and Price's fundamental rights can be protected through an action under 42 U.S.C. § 1983, the Arizona statute neither treads on equal protection nor offends substantive due process. Price's tort claims do not implicate instances where we have found that the fundamental right of access to the courts applies. *See Los Angeles County Bar Ass'n. v. Eu,* 979 F.2d 697, 705–06 (9th Cir.1992). The condition Arizona's state legislature placed on prisoners' state law tort claims is rationally related to its goal of ensuring that the Arizona courts are not overburdened with comparatively insignificant disputes for which administrative remedies are available. *See, e.g., Madrid v. Gomez,* 190 F.3d 990, 996 (9th Cir.1999). Nor does § 31–201.01(L) fail to comply with federal law under *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), *superceded by statute as recognized in Adams v. United States,* 420 F.3d 1049, 1052 (9th Cir.2005), or *Ferri v. Ackerman,* 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979), for, as these cases make clear, the scope of immunity is different when determined by the legislative branch than when it is determined by the courts as a matter of federal (or state) common law.

Price's procedural due process rights are not implicated because negligent deprivation of property is not a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 332–33, 106 S.Ct. 662, 88 L.Ed.2d 662

---

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(1986). To the extent Price alleges an intentional deprivation of rights, he can seek relief through adequate post-deprivation administrative procedures or by filing a § 1983 action.

His state claims are foreclosed by *Clouse v. State of Arizona*, 199 Ariz. 196, 16 P.3d 757, 764 (2001) (en banc).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

