**Terry L. MEIER, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 07–15926.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Feb. 3, 2009.

**978**

Joseph A. Hearst, Esquire, Berkeley, CA, for Plaintiff–Appellant.

Terry L. Meier, Oakland, CA, pro se.

Ila C. Deiss, Assistant U.S., Katherine Burke Dowling, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and GORSUCH,* Circuit Judge.

## MEMORANDUM **

Terry Meier appeals from summary judgment and judgment on partial findings dismissing his claims under the Federal Torts Claims Act ("FTCA") for emotional distress damages related to colonoscopy procedures performed at a Veterans Administration ("VA") facility. On summary judgment, which we review de novo, the district court dismissed seven claims for failure to establish jurisdiction under the FTCA and one claim for failure to demonstrate a genuine issue of material fact. *Tekle v. United States*, 511 F.3d 839, 843 (9th Cir.2007). At trial, the district court

dismissed Meier's remaining three claims under Federal Rule of Civil Procedure 52(c) for judgment on partial findings. We review findings of fact in a bench trial for clear error and conclusions of law de novo. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 879 (9th Cir.2005). We affirm.

As the parties are familiar with the facts, we do not repeat them here. In his first three claims, Meier alleged that the Veterans Administration breached its fiduciary duty and acted negligently by failing to secure informed consent before each colonoscopy procedure. The district court dismissed the claims for judgment on partial findings. The court concluded, and we agree, that under the standard in *Cobbs v. Grant*, 8 Cal.3d 229, 104 Cal.Rptr. 505, 502 P.2d 1 (Cal.1972), the VA did not fail to secure informed consent. Meier did not establish that he could recover based on non-disclosure of various potential complications that might arise from emergency surgery to repair a perforation suffered during a colonoscopy, particularly when none of those undisclosed complications materialized. *See Warren v. Schecter*, 57 Cal.App.4th 1189, 1203–04, 67 Cal.Rptr.2d 573 (Cal.Ct.App.1997). Meier also failed to demonstrate that the VA had a duty to disclose Dr. Cheung's professional medical history when he did not present evidence establishing skilled practitioners of good standing would have done so and when, in its settlement agreement, the California Medical Board had not required Dr. Cheung to disclose that information to patients. *See Arato v. Avedon*, 5 Cal.4th 1172, 1191, 23 Cal.Rptr.2d 131, 858 P.2d 598 (Cal.1993).

---

* The Honorable Neil M. Gorsuch, United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ In his fourth and fifth claims, Meier alleged failure to exercise reasonable care in selecting, hiring and retaining Dr. Cheung and failure to properly train, supervise and monitor him. To establish jurisdiction under the FTCA, Meier must show that the VA would be liable under California law if it were a private "person." 28 U.S.C. §§ 1346(b), 2674; *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The district court correctly concluded that under *Adams v. United States,* 420 F.3d 1049 (9th Cir. 2005), for purposes of the FTCA, "persons" does not include corporate entities. These claims were properly dismissed.

■ Meier's sixth claim alleged failure to develop and enforce adequate policies to deal with medical emergencies. Although Meier is able to point to a basis under California law for individual liability in negligent administration of emergency services, *see* California Health and Safety Code Section 1799.110(a) ("Health Code"), he did not provide support for liability for development of policies related to emergency services. The district court properly dismissed Claim Six for lack of jurisdiction.

■ In his seventh claim, Meier alleged failure to provide competent peer review. Meier highlights several statutory provisions related to medical peer review, *see* California Business and Professional Code Sections 805–809 ("Business Code"), but none provide for tort liability, and Meier does not offer another basis. Claim Seven was correctly dismissed for lack of jurisdiction.

■ Meier's eighth and ninth claims allege failure to maintain and produce medical records and failure to answer questions regarding treatment. For support, Meier refers to Health Code Sections 123100 and

following, as well as Business Code Sections 2262, 2266 and 2282; those provisions, and the cases interpreting them, do not establish individual tort liability for emotional distress damages related to failure to produce medical records or failure to answer patient questions. The district court properly dismissed Claims Eight and Nine for lack of jurisdiction.

■ In his tenth and final claim, Meier alleged the VA invaded his privacy by overproducing medical records in response to his requests for production and by permitting VA staff to view the records when he had not authorized them to do so. *Hill v. National Collegiate Athletic Association* recognized that the right to privacy guaranteed under the California Constitution gives rise to tort liability. 7 Cal.4th 1, 39–40, 26 Cal.Rptr.2d 834, 865 P.2d 633 (Cal. 1994). The district court correctly concluded that, while Meier had a legally protected privacy interest, he failed to establish the other elements of the *Hill* test for invasions of privacy: In the context of his requests for production Meier had no reasonable expectation of privacy in an alleged overproduction of documents to himself, and any such production would not constitute a "serious invasion of privacy." *See id.* The court further determined that Meier pointed to no facts supporting an inference his records were produced to anyone else in violation of his right to privacy. The evidence does not establish VA personnel were exposed to Meier's records beyond what was reasonably required to respond to his requests. Summary judgment was correctly granted on Claim Ten, as there was no genuine issue of material fact regarding whether Meier's privacy was invaded.

**AFFIRMED.**