**Virginia Camille KLIEWER, a minor by and through her parents and next friends, Terry KLIEWER and Jan Kliewer, Plaintiffs,**

v.

**Steven SOPATA, individually and in his official capacity as a police officer for the City of Aurora, Defendant.**

Civ. A. No. 92–B–959.

United States District Court,
D. Colorado.

Sept. 3, 1992.

Daniel J. Caplis, Boulder, Colo., for plaintiffs.

Louis B. Bruno, Denver, Colo., Charles H. Richardson, Aurora, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

BABCOCK, District Judge.

Defendant moves for judgment on the pleadings, contending that plaintiff's state

law claims are barred by the statute of limitations, C.R.S. § 13–80–103(1)(c). The issue is adequately briefed and oral argument will not materially aid its resolution. Because plaintiff did not file this action within one year after her claim accrued, defendant's motion is granted and the state law claims are dismissed.

Plaintiffs allege the following facts in their complaint. Defendant Steven Sopata was an Aurora police officer assigned to the K–9 division, and he was the handler of a dog known as Rick. Pursuant to the policy of the Aurora police department, Sopata was required to keep Rick at his residence when he was not on duty. On April 22, 1990, Rick broke out of Sopata's backyard and attacked plaintiff. At the time of the attack, defendant was inside his house shaving. On April 21, 1992, plaintiffs filed this action alleging state law claims for negligence and negligence per se, as well as several claims under 42 U.S.C. § 1983.

 C.R.S. § 13–80–103(1)(c) provides that all actions against police officers must be brought within one year after the cause of action accrues. Although the present version of this statute does not so specify, it applies only to claims brought against police officers in their official capacity. *See, Cain v. Guzman,* 761 P.2d 295, 296–97 (Colo.App.1988). Plaintiff argues that this limitation period does not apply because Sopata was admittedly "off duty" at the time of the attack. I disagree.

A police officer may be acting in an official capacity even when he is not on duty. Here, Sopata was required by departmental policy to keep Rick at his house. Even though Sopata was off duty, it was only because of his capacity as a police officer that Rick was at his house. Thus, plaintiffs' state law claims are brought against Sopata in his capacity as a police officer rather than as an individual citizen, and their claims are time barred.

Accordingly, IT IS ORDERED THAT:

(1) Defendant's motion is GRANTED; and,

(2) Plaintiffs' state law claims for negligence and negligence per se are DISMISSED.