**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARVIN BROWN,

　　　　Plaintiff-Appellant,

v.

JOE WILLIAMS, Warden, Central
New Mexico Correctional Facility;
KEVIN R. WIGGINS, Captain; JOSE
ROMERO, Captain; EDWARD
CHAVEZ, Segregation Chairman,

　　　　Defendants-Appellees.

No. 00-2372
(D.C. No. CIV-97-825-BB/KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Marvin Brown, a prisoner of the State of New Mexico appearing pro se, appeals from the grant of summary judgment to defendants in his civil rights case filed under 42 U.S.C. § 1983. Plaintiff alleged generally that defendants, who are all members of correctional facility staff, violated his Eighth Amendment rights by failing to protect him from attack by other inmates on May 10, 1997. He also asserted that defendants violated his Due Process rights by transferring him first to administrative segregation and then to a higher security facility after the attacks.

The magistrate judge recommended that summary judgment be granted on plaintiff's failure-to-protect claim because plaintiff had not shown "that any of the named Defendants had any prior knowledge that he would be the subject of an attack." R., Vol. III, doc. 73, at 5 (footnote omitted). The magistrate judge recommended that summary judgment be granted on plaintiff's Due Process claim because he had no protected liberty interest in avoiding transfer to administrative segregation or to another facility, and because when defendants did offer to move plaintiff out of administrative segregation by transferring him to another facility, he objected. Id. at 10-12. The district court adopted the magistrate judge's recommendation, and granted summary judgment to defendants.

We review the grant of summary judgment de novo, using the same standard applied by the district court. Pride v. Does , 997 F.2d 712, 716 (10th Cir.

-2-

1993). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff argues on appeal that: (1) the district court erred in granting summary judgment to defendants because there are material issues of fact in dispute; (2) his failure-to-protect claim meets Eighth Amendment requirements; (3) he showed defendants' personal involvement and participation in his affidavits and submissions; (4) the confidential informant information was hearsay and should not have been used for summary judgment purposes; (5) the district court should have allowed plaintiff to file an amended supplemental complaint; (6) defendants violated plaintiff's Due Process rights by not giving him a hearing when he was placed in pre-hearing detention; (7) plaintiff should have received other discovery that was not provided; and (8) plaintiff should have received appointment of counsel.

We have reviewed the parties' materials in light of the record on appeal. We find no error and affirm for substantially the same reasons as those set forth in the magistrate judge's June 27, 2000 Amended Proposed Findings and Recommended Disposition, as adopted by the district court in its August 17, 2000 order.

Plaintiff also has filed a motion for a preliminary injunction with this court, contending that defendants improperly confiscated his legal materials on August 29, 2001, and regressed his custody status for possessing contraband materials. Defendants have responded to the motion, arguing that plaintiff failed to comply with Fed. R. App. P. 8 and 10th Cir. R. 8.1, that plaintiff's request is moot because his legal materials have been returned, and that this court lacks jurisdiction to review the prison's internal administrative proceedings. It is sufficient to state that plaintiff failed to comply with Fed. R. App. P. 8 and 10th Cir. R. 8.1, and failed to demonstrate his entitlement to injunctive relief.

The judgment of the district court is AFFIRMED. Plaintiff's motion for a preliminary injunction is denied. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge