94 P.3d 1226 (2004)
Ronald A. PODBOY, Plaintiff-Appellee,
v.
FRATERNAL ORDER OF POLICE, DENVER SHERIFF LODGE 27, Mike Britton, and C.W. DeNovellis, Defendants-Appellants.
No. 03CA0862.
Colorado Court of Appeals, Div. III.
June 3, 2004.
*1228 Brega & Winters, P.C., Jay John Schnell, Mark E. Honhart, Denver, Colorado, for Plaintiff-Appellee.
Hamilton & Faatz, P.C., Christopher J.W. Forrest, David R. Osborne, Reid J. Elkus, Denver, Colorado, for Defendants-Appellants.
Opinion by Judge GRAHAM.
Defendants, Fraternal Order of Police, Denver Sheriff Lodge 27(FOP), Mike Britton, and C.W. DeNovellis, appeal the trial court's order denying their motion to dismiss the complaint of plaintiff, Ronald A. Podboy, on the basis of governmental immunity and failure to state a claim upon which relief can be granted. We affirm the order as to governmental immunity and dismiss the appeal as to the order denying the C.R.C.P. 12(b)(5) motion.
FOP is the official collective bargaining agent for the Denver Sheriff Department employees. Britton is the president of FOP, and DeNovellis is the secretary. They are both law enforcement officers employed by the Denver Sheriff Department.
Plaintiff is counsel for the Denver Sheriff's union, a competing collective bargaining agent. Plaintiff and the Denver Sheriff's union submitted a bid to unseat FOP as the exclusive bargaining agent for the 2003-2004 collective bargaining session with the City and County of Denver. During the election of the collective bargaining agent, defendants sent a letter to the Denver Sheriff Department employees stating that plaintiff's "experience is 100% as a Criminal Attorney," that he has no experience in collective bargaining or labor law, and that he had been convicted of a crime.
Plaintiff sent numerous letters to defendants' counsel regarding the alleged defamatory statements and demanded monetary damages. Defendants' counsel denied plaintiff's monetary demand, and plaintiff filed a complaint against defendants for defamation, intentional infliction of emotional distress, and civil conspiracy.
Defendants filed (1) a motion to dismiss for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1), alleging that they are immune from plaintiff's claims under the Colorado Governmental Immunity Act (CGIA) and that plaintiff failed to satisfy the notice and pleading requirements of the CGIA; and (2) a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to C.R.C.P. 12(b)(5) because plaintiff failed to allege properly the elements of the tort claims. Defendants also filed a motion to suspend discovery and hold an evidentiary hearing to determine the issue of sovereign immunity under the CGIA.
Without holding an evidentiary hearing, the trial court denied defendants' motions to dismiss. The court summarily concluded that FOP is not a public entity and that Britton and DeNovellis are not public employees as defined by the statute, and therefore, defendants are not entitled to sovereign immunity pursuant to §§ 24-10-108 and 24-10-118, C.R.S.2003. Because the court determined that the CGIA did not apply, it did not address whether plaintiff complied with the notice and pleading requirements of the CGIA. The court also implicitly rejected defendants' motion to dismiss under C.R.C.P. 12(b)(5). This appeal followed.

I.
Defendants contend that the trial court erred in failing to dismiss the complaint under C.R.C.P. 12(b)(1). We disagree.
The CGIA establishes immunity from tort actions for public entities and employees who are acting within the course and scope of their employment. Sections 24-10-102, 24-10-105, 24-10-108, 24-10-118, C.R.S.2003. Because the CGIA derogates Colorado's common law, the statute's immunity provisions are strictly construed, and the provisions withholding immunity in the interest of compensating victims of governmental negligence are broadly construed. See Padilla v. Sch. Dist. No. 1, 25 P.3d 1176 (Colo.2001); Springer v. City & County of Denver, 13 P.3d 794 (Colo.2000).
*1229 Governmental immunity under the CGIA is a question of subject matter jurisdiction to be decided pursuant to C.R.C.P. 12(b)(1). Trinity Broad. of Denver, Inc. v. City of Westminster, 848 P.2d 916 (Colo.1993). If all relevant evidence is presented to the trial court and the underlying facts are undisputed, the trial court may decide the jurisdictional issue as a matter of law without conducting an evidentiary hearing, in which case appellate review is de novo. Medina v. State, 35 P.3d 443 (Colo.2001); Trinity Broad. of Denver, Inc. v. City of Westminster, supra.

A.
Defendants argue that the trial court erred in finding that FOP is not a public entity. Defendants allege that, pursuant to § 24-10-103(5), C.R.S.2003, FOP is a public entity because the City and County of Denver, through the Denver Municipal Code, gives it governmental authority to act as the sole collective bargaining agent for the Denver Sheriff Department employees, and therefore FOP is a "separate entity created by intergovernmental contract." We disagree.
Section 24-10-103(5) states:
"Public entity" means the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law and any separate entity created by intergovernmental contract or cooperation only between or among the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof.
We must give effect to the legislative purpose underlying the CGIA by reviewing the statute's plain language. Climax Molybdenum Co. v. Walter, 812 P.2d 1168 (Colo.1991). If the statute's language is unambiguous, the inquiry ends. Kane v. Town of Estes Park, 786 P.2d 412 (Colo.1990). Finally, we must observe the admonition that the "CGIA's ... immunity provisions are subject to strict construction." Walton v. State, 968 P.2d 636, 643 (Colo.1998).
"Intergovernmental" means "between or involving participation by two or more governments or levels of government." Webster's Third New International Dictionary 1178 (1986).
FOP is not a separate entity created by an intergovernmental contract with the City and County of Denver. The Denver Code was established unilaterally by the City and County of Denver; it is not a contract between other governmental entities, it did not create FOP, and it does not confer governmental status upon FOP. Rather, the Denver Code governs selection and recognition of the bargaining agent elected to represent the Denver Sheriff Department employees.
Further, labor organizations have traditionally been considered private  not public  entities. Hovan v. United Bhd. of Carpenters & Joiners, 704 F.2d 641 (1st Cir.1983). Indeed, the federal district court for the District of Colorado has rejected the notion that a labor union representing public employees is a public entity for purposes of the immunity provisions of the CGIA. Walker v. Bd. of Trs., 76 F.Supp.2d 1105 (D.Colo.1999). Although we are not bound by the federal district court's opinion, we are persuaded by its holding that a labor union is not a public entity for purposes of CGIA immunity.
Thus, the trial court did not err in concluding that FOP is not a public entity under § 24-10-103(5). Further, because FOP is not a public entity, a fortiori, members and officers of FOP cannot be deemed "public employees" simply by virtue of their employment with FOP. See § 24-10-103(4)(a), C.R.S.2003 ("public employee" is defined as "an officer, employee, servant, or authorized volunteer of the public entity").

B.
Defendants further contend that the alleged defamatory statements made during the election of the collective bargaining agent were within the scope of Britton's and DeNovellis's employment as law enforcement officers, and therefore, they are entitled to governmental immunity under § 24-10-103(4)(a). We disagree.
*1230 Here, defendants conceded at oral argument that the facts asserted by affidavit were undisputed and that this court may determine as a matter of law whether those factual allegations somehow warrant reversal of the trial court's decision.
Britton and DeNovellis are currently employed by the Denver Sheriff Department, but are on administrative leave while they occupy the positions of president and secretary, respectively, of FOP. The conduct complained of occurred in the course of FOP directors meetings and concerned FOP business.
The Denver Sheriff Department is a political subdivision of the City and County of Denver and a public entity under § 24-10-103(5). Although a law enforcement officer is a public employee, he is entitled to immunity only if the injury alleged arose "out of an act or omission occurring during the performance of his duties and within the scope of his employment, unless such act or omission was willful and wanton, except as provided in this article." Section 24-10-105. We must therefore determine whether the scope of employment of a public employee  a law enforcement officer  includes actions undertaken as an officer of a nonpublic entity  a labor union.
An act of an employee is within the scope of his employment if the work done is assigned to him by his employer, is necessarily incidental to that work, or is customary in the employer's business. Pediatric Neurosurgery, P.C. v. Russell, 44 P.3d 1063 (Colo.2002).
The determination whether an injury occurred within the scope of employment depends on an examination of the totality of the circumstances. Capra v. Tucker, 857 P.2d 1346 (Colo.App.1993); see also Kliewer v. Sopata, 797 F.Supp. 1569 (D.Colo.1992)(action against a police officer alleging negligence and negligence per se in connection with an attack by a dog kept at officer's residence was against the officer in his official capacity even though the officer was off duty at the time of the attack, because the officer was required by departmental policy to keep the dog at his house and it was only because of his capacity as a police officer that the dog was at his house); City & County of Denver v. Lee, 168 Colo. 208, 450 P.2d 352 (1969)(in determining whether a police officer was within scope of his employment when he sustained a back injury while playing on a police department basketball team, it was significant that all players who were "on shift" at the time of the game were playing "on duty" for the benefit of the police department); Mineral County v. Indus. Comm'n, 649 P.2d 728 (Colo.App.1982)(a sheriff was in the course of his employment at the time of the fatal injury although he was on his way to dinner with his wife and was found lying on the sidewalk in front of a private club where he had stopped on a personal errand, because he was in uniform, was the only member of the sheriff's department, was considered to be on duty 24 hours every day and did not have a specified work shift, and his activities while in uniform always partook of a dual nature).
Unlike the entities in the cases cited above, the Denver Sheriff Department does not require its law enforcement officers to join a sheriff's union. Nor is membership in FOP for the benefit of the sheriff department members who are not members of FOP.
The federal district court's opinion in Walker is instructive here. In Walker, the district court examined the duties and responsibilities of individual defendants as members of both a public entity  RTD  and a nonpublic entity  the board of trustees of the union pension fund trust. The court held that, although some members of the board worked for RTD, a "public entity," "the actions for which they are being sued were not undertaken pursuant to the `performance of [their] duties and within the scope of [their] employment' for RTD." Walker v. Bd. of Trs., supra, 76 F.Supp.2d at 1109. It further noted:
"[T]he Board of Trustees, and not RTD, [is] the fiduciary and administrator of the plan and [has] the responsibility and authority to manage and operate the plan." Because the members of the Board allegedly are obligated by law to act in the best interest of the Pension Plan irrespective of RTD's interests, the duties and responsibilities of the RTD-appointed members of the Board are distinct from those duties *1231 and responsibilities associated with their RTD employment.
Walker v. Bd. of Trs., supra, 76 F.Supp.2d at 1109-10 (quoting party's argument). The court concluded that, under a strict construction of the CGIA's immunity provisions, the individual defendants were not entitled to immunity under the CGIA. Walker v. Bd. of Trs., supra.
The facts here are similar to those in Walker. Britton and DeNovellis are employees of a public entity  the City and County of Denver  and officers of a nonpublic entity  FOP. Although they would not be members of FOP but for their employment with the City and County of Denver, the actions for which they are being sued were not undertaken pursuant to their duties or within the scope of their employment as law enforcement officers. In their affidavits, Britton and DeNovellis specifically admitted that the conduct alleged in the complaint "occurred in the course of FOP Lodge 27 Board of Directors meetings and in the furtherance of FOP Lodge 27 business concerning collective bargaining between the Denver Sheriff Department employees and the City and County of Denver, and the election to select the collective bargaining agent for the negotiations."
Because Britton and DeNovellis, as officers of FOP, are expected to act in the best interests of FOP irrespective of the City and County of Denver's interest, the duties and responsibilities of Britton and DeNovellis as officers of FOP are distinct from those duties and responsibilities associated with their employment as law enforcement officers for the City and County of Denver. Thus, their employment as law enforcement officers for the City and County of Denver and their membership in FOP may, in some respects, be adverse to one another. Consequently, under a strict construction of the CGIA's immunity provisions, Britton and DeNovellis are not entitled to immunity under the CGIA.
This result also comports with the meaning of "public employee" as defined by the CGIA. Under the common law, the most important factor in determining whether a worker qualifies as an employee is the alleged employer's right to control the details of performance. Other relevant factors include the right to hire, the payment of salary, and the right to dismiss. Norton v. Gilman, 949 P.2d 565 (Colo.1997).
This list of factors is not exhaustive. Although many factors may be relevant in determining whether a worker qualifies as an employee, each factor need not be discussed in every case. Instead of applying the common law factors as a rigid test, we consider the circumstances of each case. Norton v. Gilman, supra. Therefore, we analyze the employee status of Britton and DeNovellis using only the most relevant factors.
Here, the most relevant factor is that the City and County of Denver does not have the right to control Britton's and DeNovellis's performance as officers of FOP, even though it has a right to control their performance as law enforcement officers. See Norton v. Gilman, supra. Although Britton and DeNovellis are employees of the City and County of Denver, the complaint did not allege that they undertook the challenged action pursuant to their responsibilities as employees. Additionally, the City and County of Denver does not have the right to hire, appoint, or dismiss members and officers of FOP. Thus, Britton and DeNovellis, in carrying out their duties as officers of FOP, cannot be considered employees of the City and County of Denver as a matter of law and are thus not entitled to the CGIA's immunity.
In light of our disposition that the CGIA is inapplicable, we need not address whether plaintiff complied with the notice and pleading requirements of the CGIA.

II.
Defendants also contend that the trial court erred in failing to dismiss plaintiff's complaint for failure to state a claim pursuant to C.R.C.P. 12(b)(5). Plaintiff asserts that the trial court's determination is not a final judgment. We agree with plaintiff.
Although the legislature provided that the trial court's CGIA ruling is "subject to interlocutory appeal" and may be certified as a final and appealable order pursuant to § 24-10-108, an order otherwise denying a motion to dismiss a complaint is not a final *1232 judgment that can be appealed because it leaves issues to be resolved by the trial court. Richland Dev. Co. v. E. Cherry Creek Valley Water & Sanitation Dist., 899 P.2d 371 (Colo.App.1995); Wales v. State Farm Mut. Auto. Ins. Co., 528 P.2d 394 (Colo.App.1974)(not published pursuant to C.A.R. 35(f)). Thus, we do not have jurisdiction to entertain that portion of defendants' appeal related to the trial court's denial of their C.R.C.P. 12(b)(5) motion to dismiss.

III.
Defendants are not entitled to an award of attorney fees and costs incurred on appeal pursuant to § 13-17-201, C.R.S.2003, because, under that section, an award of attorney fees is only proper when a trial court dismisses an action under C.R.C.P. 12(b). Because the trial court did not dismiss the complaint under C.R.C.P. 12(b), § 13-17-201 is inapplicable.

IV.
Although defendants' appeal was unsuccessful, we nevertheless deny plaintiff's request for an award of attorney fees and costs on appeal. In re Marriage of Eisenhuth, 976 P.2d 896 (Colo.App.1999)(applying C.A.R. 38(d)).
The order is affirmed to the extent it denies defendants' C.R.C.P. 12(b)(1) motion, and the appeal of the denial of the C.R.C.P. 12(b)(5) motion is dismissed.
Judge TAUBMAN and Judge DAILEY concur.