The Colorado Lottery currently conducts rulemaking for each instant scratch game that it offers to the public. The Lottery Commission would like to promulgate one general rule for all instant scratch games and then establish guidelines for each game. This opinion is issued to provide the Colorado Lottery with guidance on whether, under the current statute dealing with the Colorado Lottery it can promulgate one general rule and individual guidelines for conducting instant scratch games.
 QUESTION PRESENTED AND CONCLUSIONS
The question addressed in this formal opinion is whether the current lottery statute permits the Lottery Commission ("Commission") to offer instant scratch games without conducting a separate rulemaking proceeding for each instant scratch game. Our conclusion is that under the current lottery statute, particularly C.R.S. § 24-35-208 (2), the Commission must promulgate a separate rule for each instant lottery scratch game.
 BACKGROUND
The Commission currently conducts rulemaking for each new instant scratch game. Each instant scratch game is a lottery and has its own specific attributes such as price of ticket and the number and manner in which winners are selected. Since the Commission now has many different instant scratch games each year, it would like to avoid the time and delays that accompany promulgating rules for each separate instant scratch game. The Commission would like to promulgate one general rule for all instant scratch games and then issue guidelines for each new instant scratch game. The statutory section dealing with the Commission's powers and duties, C.R.S. § 24-35-208 dates from 1982. This section has been amended since then, but the amendments are unrelated to this issue. C.R.S. § 24-35-208 sets out the powers and duties of the Commission, including the power to promulgate rules. However, C.R.S. § 24-35-208 (2) is the pertinent section for this inquiry because this subsection creates an affirmative duty for the Commission and requires that certain rules be promulgated. The key determination is that rules are required for specific attributes of each lottery. Since a rule is required for attributes that change from one instant scratch game to another, the Commission is required by the statute to promulgate rules for each instant scratch game. Only if these attributes did not change from one instant scratch lottery game to another could it reasonably be argued that a single rulemaking could apply to multiple instant scratch lottery games.
 DISCUSSION
An examination of a statute must give effect to the legislative purpose of the statute by reviewing the statute's plain language. Podboy v.Fraternal Order of Police, 94 P.3d 1226, 1229 (Colo.App. 2004). "If the statute's language is unambiguous, the inquiry ends." Id. at 1229. The terms of a statute should be given their ordinary meaning; and, when the statutory language is plain, it should not be subjected to a strained or forced interpretation. See Allstate Insurance Co. v. Smith, 902 P.2d 1386,1387 (Colo. 1995). Further, effect must be given to every word of a statute. Colorado Ground Water Commission v. Eagle Peak Farms, LTD.,919 P.2d 212, 218 (Colo. 1996).
C.R.S. § 24-35-208 (1) (a) provides that the Lottery Commission has the power and duty to "promulgate rules governing the establishment and operation of the lottery as it deems necessary to carry out the purposes of this part 2". The term "lottery" is defined in C.R.S. § 24 — 35-201 (5) to mean "any and all lotteries created and operated pursuant to this part 2." Instant scratch games are clearly lotteries because C.R.S. §24-35-208 (2) (a) uses the phrase "instant scratch lotteries." Additionally, as recognized in Commission Rule 5.2, instant scratch games are individual lottery games.
Moreover, each instant scratch game is an individual lottery game as it has its own unique attributes regarding items such as numbers and sizes of the prizes on the winning tickets or shares; price of tickets or shares; the frequency of the drawing or selection of winning tickets or shares; and the allocation of total revenues for the payment of prizes to the holders of winning tickets or shares. Therefore, each individual instant scratch game as a lottery is subject to the provisions of C.R.S.24-35-208 (2) and separate rules must be promulgated as required by the following subsections of C.R.S. 24-35-208 (2) to establish for each individual instant lottery game:
(a) the type of lottery established;
(b) price of tickets or shares;
 (c) the number and sizes of the prize on the winning ticket or shares;
 (e) the frequency of the drawing or selection of winning tickets or shares and
 (j) the allocation of revenue to the holders of winning tickets or shares.
C.R.S. § 24-35-208 (2) states that rules "shall" be promulgated for designated attributes of the operation of a lottery. Use of the word "shall" in a statute is presumed to connote a mandatory meaning. Barelav. Beye, 916 P.2d 668 (Colo.App. 1996). When a provision is phrased in mandatory language, an agency has no discretion to decline promulgating rules. Id at 675. Specific attributes of each individual instant scratch game differ from other instant scratch games. Since these specific attributes are ones that must be defined by rule pursuant to C.R.S. §24-35-208 (2), we conclude that each instant scratch lottery game must have its own rule.
We analyzed the Commission's proposed amended Rule 5 and the proposed guidelines for the Poker Night instant scratch game. C.R.S. § 24-35-208
(2) (a) requires a rule to establish the type of lottery to be conducted, but the proposal does this by guideline. C.R.S. § 24-35 — 208 (2) (b) requires a rule to establish the price of Poker Night tickets, but the proposal does this by guideline. C.R.S. § 24-35-208 (2) (c) requires a rule to establish the number and sizes of the prizes for Poker Night, but the proposal does it by guideline. C.R.S. § 24-35-208 (2) (d) requires a rule to establish the manner of selecting winning tickets for Poker Night, but the proposal does it by guideline. C.R.S. § 24-35-208
(2) (e) requires a rule to establish the frequency of the selection of winning tickets for Poker Night, but Exhibit B of the proposal guidelines appears to do this by guideline. Finally, C.R.S. § 24-35-208 (2) (j) requires a rule to establish the allocation of total revenues, but, in the proposal, the basis and purpose of the proposed guidelines states that the proposed guidelines set the details of the allocation of revenues. The body of the proposed guidelines does not address the allocation of total revenues, but if it did, as mentioned in the basis and purpose, this would be contrary to the statute.
We noted that proposed amended Rule 5 states that in the event of a difference between a guideline and the rule the guideline shall prevail. This is patently incorrect as a properly promulgated rule carries the weight of law and the guideline is just as its name suggests, a guideline. The guideline can not prevail over a rule. See generallySanchez v. American Standards Ins. Co. of Wisconsin, 89 P.3d 471, 474
(Colo.App. 2003).
Our conclusion is that the Commission is proposing to use guidelines to perform functions that the statute mandates be done by rule. This would be contrary to the statutorily defined powers and duties of the Commission. We are cognizant that the statue was written when the lottery was a much different operation and was intended for a very different and much simpler operation than the Lottery Commission faces today. However, the statute is quite specific and under its current provisions the Lottery Commission cannot operate the instant scratch lottery games in the manner it proposes by using guidelines instead of rules. We do not address the operational questions that are the concern of the Lottery Commission. The scope of this opinion is solely to answer the question of whether the Lottery Commission can operate its instant scratch lottery games in the proposed manner using one general rule and separate guidelines for each individual game. Our conclusion is that, under the current statute, the Commission cannot do what it proposes.
Issued this 7th day of June, 2005.

 ___________________
 JOHN W. SUTHERS
 Colorado Attorney General

P:\AG\AGOPINE\AGO 05-02 Rev lottery scratch games.doc