Justice RICE
delivered the Opinion of the Court.
We granted certiorari in this case to review the court of appeals' holding that the respondent, Robert Lemire ("Lemire"), is immune from suit under the Colorado Governmental Immunity Act ("CGIA").[1] Ceja v. Lemire, 143 P.3d 1093 (Colo.App.2006). We now affirm the court of appeals.
I. Facts and Procedural History
On October 2, 2002, Lemire and the petitioner, Terry Ceja ("Ceja"), were involved in a motor vehicle accident. The parties do not dispute that at the time of the accident Le-mire was an employee of Arapahoe County, was acting within the course and seope of his employment, and was driving his personally owned vehicle.
Ceja brought a negligence lawsuit against both Lemire and, on a respondeat superior theory, the Board of County Commissioners of the County of Arapahoe ("the County"). The County filed a motion to dismiss, claiming that it enjoyed governmental immunity under the CGIA, section 24-10-106(1), C.R.S. (2006).[2] Lemire joined the motion to dismiss, arguing that under section 24-10-118(2)(a), C.R.S. (2006), he was also entitled to immunity as a public employee.
The trial court concluded that the County enjoyed immunity under the CGIA and therefore granted the County's motion to dismiss. The trial court found that Lemire was not entitled to immunity, however, and denied the motion to dismiss with regard to him. Ceja appealed the portion of the order granting the County immunity, while Lemire appealed the portion of the order denying him immunity. The court of appeals affirmed the trial court's order regarding the County [3] but reversed as to Lemire, holding that Lemire also enjoyed immunity under the CGIA. Ceja, 143 P.3d at 1099. This appeal followed.
II. Standard of Review
"Governmental immunity raises a jurisdictional issue." Springer v. City & County of Denver, 13 P.3d 794, 798 (Colo.2000). Where, as here, the facts are undisputed and the issue is purely one of law, we apply de novo review. Id.
III Analysis
Resolution of this case requires us to review CGIA sections 24-10-118(2)(a) and 24-10-106(1). Section 24-10-118(2)(a) provides in relevant part:
A public employee shall be immune from lability in any claim for injury ... which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton; except that no such immunity may be asserted in an action for injuries resulting from the circumstances specified in section 24-10-106(1).
(emphasis added). As this section makes clear, the CGIA provides public employees *1070 with immunity from liability for injuries arising out of the course and seope of employment. The employee loses this immunity only if he or she acted willfully and wantonly [4] or one of the circumstances enumerated in section 24-10-106(1) exists. Section 24-10-106(1), in turn, provides in pertinent part:
A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this seetion. Sovereign immunity is waived by a public entity in an action for injuries resulting from:
(a) The operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment....
(emphasis added).
The trial court correctly determined that the County's immunity was not waived under section 24-10-106(1)(a) because Le-mire was driving his personally owned vehicle at the time of the accident as opposed to a vehicle "owned or leased" by the County. With regard to Lemire, however, the trial court did not take the ownership of the vehicle into account when determining whether immunity was waived. The trial court instead ruled that Lemire was subject to liability simply because he was operating a motor vehicle when the accident occurred. The court of appeals reversed the trial court's ruling that Lemire did not have immunity, holding instead that the plain language of section 24-10-118(2)(a) incorporates all of section 24-10-106(1), including the provision requiring that the vehicle be owned or leased by the public entity for immunity to be waived. Ceja, 143 P.3d at 1098. Ceja argues that the court of appeals erred in taking the ownership status of the vehicle into account when determining whether Lemire's immunity had been waived, and urges us to reinstate the trial court's ruling. We hold that under the plain language of the statute Lemire is entitled to immunity, and hence we affirm the court of appeals' decision.
The law that controls our decision is clear and well-established. Our primary task when construing provisions of the CGIA, as with any statute, is to ascertain and give effect to the intent of the legislature. Springer, 13 P.3d at 799; People v. Dist. Court, 713 P.2d 918, 921 (Colo.1986). We must first look to the language of the statute, giving the words and phrases their plain and ordinary meaning. Dist. Court, 713 P.2d at 921; State v. Nieto, 993 P.2d 493, 500 (Colo.2000). "If courts can give effect to the ordinary meaning of words used by the legislature, the statute should be construed as written, giving full effect to the words chosen, as it is presumed that the General Assembly meant what it clearly said." Nieto, 993 P.2d at 500. We need only turn to other rules of statutory construction if we find a statute to be ambiguous. Id. at 500-01; Rodriguez v. Schutt, 914 P.2d 921, 925 (Colo.1996).
The plain language of sections 24-10-118(2)(a) and 24-10-106(1)(a) disposes of this case. Section 24-10-118(2)(a) provides pub-lie employees with immunity for injuries arising out of the course and scope of employment "except that no such immunity may be asserted in an action for injuries resulting from the cireumstances specified in section 24-10-106(1)." § 24-10-118(2)(a). We see no ambiguity in this provision, and read the language to indicate that a public employee's immunity is waived in the same situations as those listed under section 24-10-106(1). When we turn to section 24-10-106(1)(a), we find that immunity is waived "in an action for injuries resulting from [tlhe operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment ...." § 24-10-106(1)(a) (emphasis added). Because Lemire was driving his personally owned vehicle at the time of the accident, his immunity has not been waived.
Ceja argues that the term "cireumstances" as used in section 24-10-118(2)(a) indicates a legislative intent to waive a public employee's immunity in an action for injuries arising from the operation of a motor vehicle in the course of employment, regardless of the vehicle's ownership status. Ceja argues that the *1071 operation of a motor vehicle, not the vehicle's ownership, is what causes an accident to happen and thus is the "cireumstance" to which the legislature must have been referring.
This construction of the statute is at best strained. Strained or forced statutory interpretations are disfavored. Martin v. Montezuma-Cortez Sch. Dist, RE-1, 841 P.2d 237, 246 (Colo.1992). If the General Assembly intended for a public employee's immunity to be waived under the motor vehicle exception without regard to the ownership status of the vehicle, it would have said so explicitly. Instead, however, section 24-10-118@2)(a) refers to the whole of section 24-10-106(1), and we decline to read language into the statute that simply does not exist. See id. Similarly, we will not read the phrase "owned or leased" out of section 24-10-106(1)(a). See id. Because the plain language of the CGIA reveals the legislative intent in this case, we need not look to any other rules of statutory construction.[5] Springer, 13 P.3d at 799 ("If the plain language of the statute demonstrates a clear legislative intent, we look no further in conducting our analysis.").
Despite the statute's plain language, Ceja argues that an interpretation of the CGIA whereby Lemire is immune because he was driving his own vehicle is absurd and should not be followed. Ceja argues such an interpretation is absurd because immunity would have been waived if Lemire had simply been driving a vehicle owned or leased by the County. Ceja is correct that while we must give effect to the plain meaning of the words used in the statute, "the intention of the legislature will prevail over a literal interpretation of the statute that leads to an absurd result." AviComm, Inc. v. Colo. Pub. Util Comm'n, 955 P.2d 1023, 1031 (Colo.1998); see also Rodriguez, 914 P.2d at 925. However, we disagree with Ceja's contention that the operation of the CGIA in this case leads to an absurd result. We find instead that the General Assembly's choice of when to waive the governmental immunity of a public employee was a legitimate policy decision.
One of the General Assembly's stated purposes in enacting the CGIA was to limit the liability of public entities and employees "in order to protect the taxpayers against excessive fiscal burdens." § 24-10-102%, C.R.S. (2006). Additionally, public employees have immunity under the CIA "so that such pub-lie employees are not discouraged from providing the services or functions required by the citizens...." Id. The General Assembly provided this protection to public entities and public employees even though it recognized that governmental immunity "is, in some instances, an inequitable doctrine." Id. In the case of the motor vehicle exception, the General Assembly balanced the competing interests by only waiving immunity when injury arises from a public employee driving a vehicle owned or leased by a public entity in the course of employment. Although Ceja believes this outcome to be unfair and inequitable, it was a valid policy choice for the legislature to make. We will not second guess this policy choice, particularly in light of the clear statutory language. See Swieckowski v. City of Fort Collins, 934 P.2d 1380, 1387 (Colo.1997).
IV. Conclusion
The plain language of sections 24-10-118(2)(a) and 24-10-106(1) is unambiguous and reveals a legislative intent to provide public employees with immunity from suit except in the case of "the operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment .." § 24-10-106(1)(a) (emphasis added). Because Lemire was operating his own motor vehicle at the time of the accident in this case, his immunity has not been waived. We therefore affirm the court of appeals.

. We granted certiorari on the following issue: Whether the court of appeals erred in holding that a public employee, driving the employee's own vehicle, within the scope of his employment, on public business, is immune from liability for the negligent operation of such vehicle under the Colorado Governmental Immunity Act, C.R.S. 24-10-106(1)(a).

. We cite to the most recent version of the Colorado Revised Statutes.

. This portion of the court of appeals' opinion is not before us on review.

. In this case it is not alleged that Lemire's actions were willful and wanton.

. Ceja reminds this court that because governmental immunity is in derogation of common law, we narrowly construe the CGIA's immunity provisions and broadly construe its waiver provisions. Springer, 13 P.3d at 798. This rule of statutory construction, however, "is a principle applicable only when an ambiguity in the language of the statute in question permits such narrowing construction ...." Martin, 841 P.2d at 251.