SAFARI 300, LTD., d/b/a **Cherry Creek State Park Shooting Center, Inc.; Peggy Duckworth; and Allan Duckworth, Plaintiffs–Appellees,**

v.

**HAMILTON FAMILY ENTERPRISES, INC., Defendant–Appellant,**

and

**Colorado Department of Natural Resources, Division of Parks and Outdoor Recreation; Robert Toll; Carolyn Armstrong; and City of Greenwood Village, Defendants–Appellees.**

No. 06CA0065.

Colorado Court of Appeals, Div. V.

June 14, 2007.

Certiorari Denied April 14, 2008.

Inman, Flynn, Biesterfeld, Brentlinger and Moritz, P.C., Eric J. Voogt, Denver, Colorado, for Plaintiffs–Appellees.

Hamilton & Faatz, P.C., Clyde A. Faatz, Jr., Christopher J.W. Forrest, Robin L. Nolan, Denver, Colorado, for Defendant–Appellant.

John W. Suthers, Attorney General, Amy C. Colony, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TERRY.

In this appeal, we consider whether a corporate entity can be considered a public employee under the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S.2006, and conclude that it cannot.

Defendant Hamilton Family Enterprises, Inc. (HFE), which claims that it is a public employee under the CGIA, appeals the order denying its C.R.C.P. 12(b)(1) motion to dismiss the complaint of plaintiffs, Safari 300 Ltd., Peggy Duckworth, and Allan Duckworth, for lack of subject matter jurisdiction. We affirm.

## I.

In January 2004, HFE entered into a contract with the Colorado Department of Natural Resources, Division of Parks and Outdoor Recreation (Parks) to operate the shooting range located in Cherry Creek State Park. Plaintiffs are the prior operators of the shooting range.

In March 2005, plaintiffs filed a complaint against HFE; the City of Greenwood Village; and Parks, Robert Toll, and Carolyn Armstrong (State Defendants). Plaintiffs alleged tort claims against HFE.

HFE filed a C.R.C.P. 12(b)(1) motion to dismiss the complaint for lack of subject matter jurisdiction, arguing it was a state employee entitled to protection under the CGIA. The State Defendants opposed HFE's motion. The court denied the motion because it found that HFE was an independent contractor, not a public employee, and therefore not protected by the CGIA.

## II.

HFE contends that the trial court erred when it denied the C.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. We disagree.

As a preliminary matter, we note that the parties did not present argument in the trial court about whether HFE's status as a corporate entity could preclude it from falling within the CGIA's definition of a "public employee," and the trial court did not decide this issue.

However, because we discerned that this issue was potentially dispositive, and we may affirm the trial court decision on any ground, *see Cole v. Hotz,* 758 P.2d 679 (Colo.App. 1987)(a correct judgment will not be disturbed on review even though the trial court's reasoning for the decision may be wrong), we asked the parties to address it at oral argument. The parties did so, and pro-

vided supplemental authorities pertaining to the issue.

## A. Provisions of CGIA

It is undisputed that HFE is a Colorado corporation, and that its individual employees and officers are not parties to this action. Thus, the only issue before us is whether HFE, as a business entity, can be considered a "public employee" for purposes of immunity under the CGIA. We conclude that it cannot.

The parties have not cited, and we have not found, any authority that discusses whether the term "public employee" in the CGIA includes corporate entities. We therefore begin our analysis by reviewing the pertinent provisions of the CGIA.

Statutes should not be read in isolation, but should be read together with all other statutes relating to the same subject or having the same general purpose, so that a statute's intent may be ascertained and absurd consequences avoided. *Huddleston v. Bd. of Equalization,* 31 P.3d 155, 159 (Colo. 2001).

When reviewing a statute, we first consider the statutory language and give words their plain and ordinary meaning. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.,* 3 P.3d 30, 35 (Colo.2000). As long as the meaning is unambiguous, courts need not rely on interpretive rules of statutory construction. *Town of Telluride, supra.*

■ In order to interpret the definition of "public employee" in § 24–10–103(4)(a), C.R.S.2006, we look first to the CGIA's declaration of policy:

> It is recognized by the general assembly that the doctrine of sovereign immunity, whereunder the state and its political subdivisions are often immune from suit for injury suffered by private persons, is, in some instances, an inequitable doctrine.... The general assembly also recognizes that the state and its political subdivisions provide essential public services and functions and that unlimited liability could disrupt or make prohibitively expensive the provision of such essential public services and functions. The general as-

> sembly further recognizes that the taxpayers would ultimately bear the fiscal burdens of unlimited liability and that *limitations on the liability of public entities and public employees are necessary in order to protect the taxpayers against excessive fiscal burdens.* It is also recognized that *public employees, whether elected or appointed, should be provided with protection from unlimited liability so that such public employees are not discouraged from providing the services or functions required by the citizens or from exercising the powers authorized or required by law.*

Section 24–10–102, C.R.S.2006 (emphasis added).

"Public employee" is defined in § 24–10–103(4), C.R.S.2006, as follows:

> (a) "Public employee" means an *officer, employee, servant, or authorized volunteer* of the public entity, whether or not compensated, *elected, or appointed,* but *does not include an independent contractor* or any person who is sentenced to participate in any type of useful public service. For the purposes of this subsection (4), "authorized volunteer" means a person who performs an act for the benefit of a public entity at the request of and subject to the control of such public entity.

> (b) "Public employee" includes any of the following:

> (I) Any health care practitioner employed by a public entity....

> (II) Any health care practitioner employed part-time by and holding a clinical faculty appointment at a public entity....

> (III) Any health care practitioner-in-training who is duly enrolled and matriculated in an educational program of a public entity....

> (IV) Any health care practitioner who is a nurse licensed under article 38 of title 12, C.R.S., employed by a public entity....

> (V) Any health care practitioner who volunteers services....

> (VI) Any release hearing officer ... when ... engage[d] in activities that are within

the course and scope of his or her responsibilities as a release hearing officer.

(Emphasis added.)

Nothing in the language of the CGIA indicates that business entities, as distinct from natural persons, can qualify as "public employees." On the contrary, by referring to "officers," "servants," "volunteers," and persons who are "elected" or "appointed," these provisions indicate that only natural persons are intended to qualify. Moreover, all of the categories of "public employees" listed in § 24–10–103(4)(b) can only be natural persons.

HFE relies on the definition of "person" in § 2–4–401, C.R.S.2006, which states:

The following definitions apply to every statute, *unless the context otherwise requires:*

. . . .

(8) "Person" means any individual, *corporation,* government or governmental subdivision or agency, business trust, estate, trust, limited liability company, partnership, association, or other legal entity.

(Emphasis added.)

Because the definition of "person" in § 2–4–401(8) includes corporations, HFE contends that the term "person" used in § 24–10–103(4)(a) includes corporations. We disagree for two reasons. First, § 24401 is not contained within the CGIA, and second, the definitions contained in that section are inapplicable where the context of the CGIA requires a different definition to be applied. *See Huddleston v. Bd. of Equalization, supra* (requiring harmonization of statutes relating to same subject matter); *see also* § 2–4–401 (introductory paragraph excludes application of that section's definitions where context requires different definition).

When read in the context of the CGIA, the definition of "public employee" requires application of a definition of "person" other than that set forth in § 2–4–401(8); namely, the CGIA definition limits "public employee" status to natural persons.

Our conclusion is bolstered by the separate status accorded to "public entities," as distinct from "public employees," under the CGIA. Both the declaration of policy in § 24– 10–102 and the definitions in § 24–10–103, C.R.S.2006, differentiate between public entities and "public employees." A "public entity" is defined as

the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law and any separate entity created by intergovernmental contract or cooperation only between or among the state, county, city and county, municipality, school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivision thereof.

Section 24–10–103(5), C.R.S.2006.

■ Simply put, entities that qualify for immunity are described in § 24–10–103(5), while § 24–10–103(4) accords immunity only to natural persons.

### B. *Norton* and *Perkins*

HFE's reliance on *Norton v. Gilman,* 949 P.2d 565 (Colo.1997), is unavailing. There, the supreme court stated that the term "public employee" in the CGIA "simply means 'employee,'" and a reviewing court must look to the common law meaning of "employee" to determine whether the persons in question are "public employees." *Norton, supra,* 949 P.2d at 567. The parties have not cited, and we have not found, any Colorado case in which a business entity has been determined to be an "employee."

Furthermore, *Norton* dealt only with whether the CGIA imposed a duty on the State of Colorado to indemnify natural persons as "public employees," and did not address whether a corporate entity falls within the definition of a "public employee."

HFE's reliance on *Perkins v. Regional Transportation District,* 907 P.2d 672 (Colo. App.1995), is also misplaced. *Perkins* did not address application of the CGIA. In addition, here, unlike in *Perkins,* there is no contention that any individual worker is a joint employee of a private entity and a public entity.

Moreover, all the cases construing the meaning of "public employee" under the CGIA have involved a natural person. *See, e.g., Ceja v. Lemire,* 154 P.3d 1064 (Colo. 2007); *Podboy v. Fraternal Order of Police,* 94 P.3d 1226 (Colo.App.2004).

We therefore conclude that a corporation cannot be a public employee entitled to immunity under the CGIA. Thus, HFE, as a corporation, is not entitled to the protection of the CGIA.

### C. Other Colorado Cases

HFE's reliance on Colorado cases discussing statutes other than the CGIA is also misplaced.

*Frank M. Hall & Co. v. Newsom,* 125 P.3d 444 (Colo.2005), for example, interpreted the definition of "employee" within § 8–41–401(1)(b), C.R.S.2006, of the Workers' Compensation Act. In that section, the General Assembly declared that lessees, sublessees, contractors, subcontractors, and any employee thereof are deemed to be employees for purposes of the workers' compensation statutes. However, no comparable provision appears in the CGIA.

The other Colorado cases cited by HFE do not address the issue presented here, namely, whether a corporate entity can be deemed an employee. Hence, they are not persuasive.

### D. Cases Construing Federal Tort Claims Act

HFE also relies on cases construing the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, as support for its contention that the definition of "public employee" in the CGIA includes corporate entities. We are not persuaded for two reasons.

First, although there are similarities between the issues addressed by the CGIA and the FTCA, neither the federal act nor the cases construing it are binding on Colorado's interpretation of its own statutes. The CGIA has its own provisions and legislative history, which are distinct from the language and legislative history of the FTCA.

Second, while certain cases construing the FTCA have held that corporate entities can come within the definition of "public employee," *see, e.g., B & A Marine Co. v. American Foreign Shipping Co.,* 23 F.3d 709 (2d Cir. 1994); *Vallier v. Jet Propulsion Lab.,* 120 F.Supp.2d 887 (C.D.Cal.2000), *aff'd on other grounds,* 23 Fed.Appx. 803, 2001 WL 1631762 (9th Cir.2001), more recent authorities disagree. For example, in *Adams v. United States,* 420 F.3d 1049 (9th Cir.2005), the Ninth Circuit Court of Appeals held that a corporate entity cannot qualify as a "public employee" under the FTCA. By so holding, *Adams* effectively overruled *Vallier.*

Thus, we decline to adopt the federal authority cited by HFE in interpreting the CGIA.

### E. Remaining Contentions

Because we conclude that HFE is not a public employee under the CGIA, we need not address the parties' remaining contentions.

### III.

HFE requests costs under § 13–16–107, C.R.S.2006, and C.A.R. 39, and attorney fees under § 13–17–201, C.R.S.2006, and C.A.R. 39.5. Plaintiffs request costs and damages under C.A.R. 38(d). We deny both requests.

Costs are available under § 13–16–107 as follows: "If, in any action, judgment upon motion to dismiss by either party to the action is given against the plaintiff, the defendant shall recover costs against the plaintiff; if such judgment is given for the plaintiff, he shall recover costs against the defendant."

Attorney fees are available under § 13–17–201 as follows:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

HFE did not prevail on its motion to dismiss, and therefore, is not entitled to recover

costs under § 13–16–107 or attorney fees under § 13–17–201. HFE's request for costs and attorney fees under C.A.R. 39 and 39.5 is denied.

Plaintiffs' request for damages and costs under C.A.R. 38 is denied. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925, 936 (Colo.1993)(no attorney fees awarded unless appeal is frivolous).

The trial court's order denying HFE's C.R.C.P. 12(b)(1) motion is affirmed.

Judge DAILEY and Judge CARPARELLI concur.